## Alphonse Genovese *v.* Winmore Construction, Inc.

### Appellate Division of the Circuit Court

File No. CV 12-6511-6713

Argued April 17—decided June 30, 1967

*Charles E. Moller, Jr.,* of Hartford, for the appellant (defendant).

*James H. Throwe,* of East Hartford, for the appellee (plaintiff).

Kinmonth, J.  The plaintiff brought suit to recover the balance due on a contract and for extras furnished.  The defendant denied the allegations of the complaint, set up a special defense of breach

of contract, and filed a counterclaim. The court found the issues for the plaintiff, and the defendant has appealed, assigning error in the court's finding of facts and conclusions and in its failure to correct the findings and conclusions, claiming that facts were found without evidence and were contrary to the evidence, logically inconsistent, contrary to undisputed evidence, and of doubtful meaning. The defendant also assigned error in the refusal to add facts which were admitted or undisputed, and in that the conclusions are not supported by the facts as the facts were erroneously found. The Supreme Court has frequently said that such a wholesale attack upon the finding is rarely productive of beneficial results and tends to cloud the real issues and cast doubt on the merits of the appellant's claim. *Krupa* v. *Farmington River Power Co.*, 147 Conn. 153, 157; *Franks* v. *Lockwood*, 146 Conn. 273, 275.

The facts may be summarized as follows: On July 29, 1964, the defendant, a general contractor, drew up an agreement, entitled "Purchase Order" and signed by the plaintiff, relating to certain work to be performed by the plaintiff upon property on Graham Road owned by the town of South Windsor and known as the South Windsor elementary school project and as the Eli Terry school project. The agreement required the plaintiff to strip and stockpile all loam or topsoil, to rough-grade the cuts and fills required to bring building and site to subgrades as shown on plans and specifications, and to clean out brush in accordance with the agreement with the defendant's superintendent. The plaintiff commenced work under the agreement in the early part of August, 1964. In the latter part of August, 1964, footings and wall forms were installed and foundation walls were poured, forming the outer walls of the school building to be erected on this project. At

or about that time, a discussion took place between the plaintiff and the defendant's duly authorized superintendent with reference to grading work to be done within the interior or walled area of the building. The plaintiff informed the superintendent that grading work within the interior of the building was not part of his contract, and the superintendent agreed. The defendant was aware of this and in September, 1964, moved its own equipment into the area within the walls and started work on or about October 1, 1964. At the request of the superintendent, the plaintiff assisted the defendant on a voluntary basis when his equipment was available. Upon complaint of the public works commission about the density of the compaction on the ground within this area, tests were taken and the defendant hired tamping equipment to meet the requirements. The defendant completed the work within the walled area on or about November 30, 1964. During all this time, the defendant had not made demand on the plaintiff to do the work, nor did it make any claim to the plaintiff that the work inside the walls was the plaintiff's responsibility under his contract.

During the latter part of October and early part of November, 1964, the plaintiff, not having been paid in accordance with the terms of the contract, removed some of his equipment from the job. On November 6, 1964, the defendant wrote a letter to the plaintiff requesting him to return and finish his job or otherwise he would be held to have breached his contract, but no mention was made as to work within the walled area. The plaintiff did return and continued to work until early December, 1964, when he ceased all work. Certain "trimming up" work was left undone, and the cost of this work to the defendant was agreed upon. During the course of the plaintiff's work, certain extras were done and

were agreed upon. Plaintiff made demands for payment in January and February of 1965. On March 3, 1965, for the first time the defendant made a back charge against the plaintiff for work performed by the defendant "to bring the rough grade fills to subgrade in the building," but no mention was made of a breach of his contract. The court concluded that the work inside the walls was not the responsibility of the plaintiff under the contract, that this conclusion is borne out by the actions, conduct and subsequent correspondence of the parties, and that the demand of March 3, 1965, was an afterthought on the defendant's part.

As to the wholesale attack on the finding, we cannot make any material changes which would benefit the defendant. Assignments specifying that the court erred in its findings and conclusions because there was not sufficient evidence to establish them, and the like, are improper. *Atlas* v. *Whitham,* 113 Conn. 791. This court may correct the finding only if "relevant and material facts have been found without evidence, or . . . such facts were admitted or undisputed and have not been found, or . . . facts have been found in language of doubtful meaning." Practice Book § 985. A fact is not admitted or undisputed merely because it is uncontradicted. *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 560. A motion to correct the finding by striking certain facts found is futile where those facts are supported by evidence, and facts are not added where they are neither admitted nor undisputed. *State* v. *Coulombe,* 143 Conn. 604, 609. Where, as here, there is conflicting evidence, the trier determines the credibility to be given to the testimony, and its finding of fact indicating the credibility of one witness rather than another is not ground for correction of the finding. *Jarrett* v. *Jarrett,* 151 Conn. 180, 181. Our examination of

the defendant's motion to correct indicates that the facts found are not in language of doubtful meaning and that the motion fails to demonstrate any of the other reasons set forth in § 985 of the Practice Book as permitting correction of the finding. Upon such a broad attack, it appears that the underlying purpose is merely to have the reviewing tribunal adopt the defendant's evaluation of testimony rather than that of the trial court. Where an appellant seeks so to substitute his own version, he is in reality, in the final analysis, attempting to retry his case on appeal. This he may not do. *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 591.

There remains one further question which was raised at the trial and has been briefed by both parties, and that is the parol evidence allowed by the court as to the work to be done inside the walls. This we presume is covered by the defendant's ninth assignment, which attacks the court's conclusions as not being supported by the facts found, "as facts were erroneously found." The parol evidence rule is a rule of substantive law rather than a rule of evidence. *Shelton Yacht & Cabana Club, Inc.* v. *Suto,* 150 Conn. 251, 255. If the evidence is admitted over objection or without objection, it still remains to be decided by the court whether under the circumstances of the particular case any agreement extrinsic to the writing, even if an agreement is proved, can legally be effective to add to, subtract from or vary the terms of the writing. *Greenwich Plumbing & Heating Co.* v. *A. Barbaresi & Son, Inc.,* 147 Conn. 580, 588, 589; *Nagel* v. *Modern Investment Corporation,* 132 Conn. 698, 700. In the present case, we do not have the question of a new agreement but rather the meaning of the contract. The meaning of the terms of a contract as shown by the conduct of the parties regarding them is a proper consideration in the interpretation of the

contract. *Taft Realty Corporation* v. *Yorkhaven Enterprises, Inc.,* 146 Conn. 338, 343. Conduct of a party to the proceeding, in respect to the matter in dispute, whether by acts, speech, or writing, which is clearly inconsistent with the truth of his contention is a fact relevant to the issue. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 202. When the words of the writing are ambiguous or of doubtful import, resort may be had to evidence of the acts of the parties thereunder, as an aid in arriving at its meaning by the practical construction of the parties. *Boucher* v. *Godfrey,* 119 Conn. 622, 628. Nothing in the record requires an interpretation of the contract contrary to that made by the court. Its conclusion is strengthened by the application of the principle that, when two meanings are possible, an agreement is to be construed against the party who drew it. *Wall* v. *Wason,* 146 Conn. 32, 36. The parol evidence was properly considered by the trial court not for the purpose of ascertaining any unexpressed intent but to determine the intent the parties meant to express by the terms they used. *John Arborio, Inc.* v. *Scapin,* 121 Conn. 492, 498.

The conclusions of the court are legally drawn from the facts found. To interfere with the conclusions would be to substitute different findings of fact. This cannot be done where there is evidence upon which reasoning minds might disagree. The case presented controversial issues of fact which were solely within the province of the trial court to decide. *Katz* v. *Martin,* 143 Conn. 215, 216.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.