## TOWN OF SOUTHINGTON *v.* MAJOR MACHINERY CORPORATION
### (2295)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued November 29, 1983—decision released February 7, 1984

*Robin Murdock-Meggers,* with whom, on the brief, was *Rolland Castleman,* for the appellant (defendant).

*Peter J. Zagorsky,* for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] from a judgment rendered by the Superior Court in the judicial district of Hartford-New Britain at New Britain granting the plaintiff's application, pursuant to General Statutes § 52-410, for an order directing the defendant to proceed with an arbitration of the claims in the plaintiff's complaint.

The dispute arose out of a purchase agreement dated October 14, 1975, whereby the defendant, Major Machinery Corporation, sold and the plaintiff, the town of Southington, purchased a sanitary landfill compactor. The complaint alleges that the purchase agreement contains an arbitration clause; that the parties are in disagreement as to one of the terms of the agreement; and that the defendant has neglected and refused to arbitrate. The plaintiff seeks an order directing the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

defendant to proceed with an arbitration in compliance with the agreement. In response the defendant filed an answer with five special defenses.

After the hearing on the plaintiff's application, the trial judge rejected each of the special defenses and found the following basic facts. On October 14, 1975, the plaintiff entered into a written contract with the defendant under the terms of which the defendant was to sell a landfill compactor to the plaintiff and to guarantee the total cost of repairs for 10,000 operating hours or five years, whichever first occurred. The first $23,000 for such repairs were to be paid by the town. That amount was exceeded before June 26, 1978. Thereafter, the compactor was again in need of repair. The town asked the defendant to repair the machine. The defendant refused. Their contract provides that "[i]n the event of a disagreement as to the interpretation or application of this contract, an arbitration board shall be set up to resolve any disagreement and/or to help interpret this contract as the need may arise." The plaintiff requested arbitration in accordance with the contract. The defendant has refused to proceed with arbitration unless certain conditions are met. Those conditions are that the defendant's interpretation of some of the plaintiff's claims be accepted prior to arbitration.

We do not intend to disturb the finding of the trial court. It is fully justified by the evidence that was before the court.

The trial judge considered and rejected, one by one, the special defenses and concluded: (1) that the defendant violated its contract with the plaintiff on or before March 31, 1980; (2) that the contract is valid and enforceable; (3) that the interpretation and application of the contract is a dispute subject to arbitration; and (4) that the arbitrators should interpret what the con-

tract intends and decide what the defendant's obligations are and what acts of the plaintiff are required to impose them. The case offers but another application of the basic principle that arbitration is a creature of contract, yielding to the agreement which the parties may reach. We agree.

Arbitration removes controversies from the area of litigation. It is looked upon with favor by this state. *Waterbury Teachers Assn.* v. *Waterbury,* 164 Conn. 426, 434, 324 A.2d 267 (1973). Further reason for such view is found in the crowded conditions of court dockets throughout the state.

The matters alleged in the plaintiff's complaint are clearly disputes relating to the interpretation of the contract and, as such, are required under that contract to be resolved by arbitration. See *Board of Education* v. *Frey,* 174 Conn. 578, 582, 392 A.2d 466 (1978). The plaintiff made a proper demand for arbitration. Of course, the submission may differ from the demand. *Schoolnick* v. *Finman,* 108 Conn. 478, 481, 144 A. 41 (1928).

Finally, the trial court found no inequitable delay. It is fundamental that this court cannot disturb the finding of the trial court unless that finding was based upon an error in law or upon a finding of fact that is clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Neither is present here.

There is no error.