SHETUCKET PLUMBING SUPPLY, INC. *v.* SOLAR PROCESSES, INC., ET AL.
(2498)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Submitted on briefs January 16—decision released April 9, 1985

*Frederick J. Miano* filed a brief for the appellant (defendant Gordon Preiss).

*Christopher M. Reeves* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant Gordon Preiss, president of Solar Processes, Inc., appeals from a judgment rendered against him in his personal capacity in an action for the balance due on goods sold on account by the plaintiff to Solar Processes, Inc. Preiss claims that the trial court erred (1) in finding that he personally guaranteed the debt of the corporation in writing, and (2) in admitting parol evidence on the issue of whether he signed the guarantee as president of the corporation or in his personal capacity.

On July 11, 1978, Preiss completed an application to purchase goods on credit from the plaintiff for the benefit of Solar. The relevant provision of the credit application provides as follows: "If the business is now or should in the future become a corporation, I still agree to be personally responsible at all times for any bill due to you." Beneath the provision appears the signature "Gordon W. Preiss President."

The corporate defendant, Solar, stipulated that it owed the debt in the amount of $4005.83 and judgment was rendered against it in that amount. The trial court, after a trial, found that the defendant Preiss was a personal guarantor of the corporations's debt under the credit application, and rendered judgment against him. Whether Preiss signed the application in a representative capacity was a question of fact determined by

the trial court. The reviewing court on appeal does not retry the facts or pass upon the credibility of the witnesses. See *Hobby* v. *Feldman,* 2 Conn. App. 696, 482 A.2d 1226 (1984). The introduction of the testimony of Preiss regarding his intention as to the written guarantee was admitted at his own insistence. He cannot claim error in the admission of testimony which he introduced. See *Bansak* v. *Pawelczyk,* 173 Conn. 520, 523, 378 A.2d 569 (1977).

There is no error.