GLORIA DICHELLO HALL, EXECUTRIX (ESTATE OF JOHN F. DICHELLO) *v.* DICHELLO DISTRIBUTORS, INC., ET AL.
(5413)

BORDEN, BIELUCH and O'CONNELL, Js.

Argued November 13, 1987—decision released April 19, 1988

*Jules Lang,* for the appellant (named defendant).

*J. Patrick Ovington,* with whom, on the brief, was *Taggart D. Adams,* for the appellant (defendant James J. Dichello).

*John C. Yavis, Jr.,* with whom were *George A. Dagon, Jr.,* and *Geraldine A. Lupoli,* for the appellee (plaintiff).

BIELUCH, J. The named defendant and the defendant James J. Dichello (hereinafter defendants) appeal from the trial court's postjudgment order continuing an injunction which had been part of the original judgment. That judgment, in favor of the plaintiff, was previously upheld on appeal. See *Hall* v. *Dichello Distributors, Inc.,* 6 Conn. App. 530, 506 A.2d 1054, cert. denied, 200 Conn. 807, 512 A.2d 230 (1986) (*Dichello I*). The defendants claim (1) that the trial court lacked jurisdiction to entertain the plaintiff's motion to enforce the prior judgment and to grant injunctive relief, (2) that, even if the court did have jurisdiction, it erred in granting the injunction without evidence or testimony in support thereof, and (3) that the court erred in granting an injunction absent such a request in the plaintiff's motion to enforce judgment. We find no error.

The history of this case is set forth in *Dichello I,* supra. A summary of the undisputed facts is necessary for our consideration of the issues raised in this appeal. The plaintiff is the executrix and the trustee of two testamentary trusts under the will executed on December 26, 1975, by her late father, John F. Dichello, who died in 1979. On April 2, 1984, the Probate Court for the district of Wallingford revoked a prior decree admitting to probate an earlier will of September 2, 1975, and admitted the later will naming the plaintiff as sole fiduciary and trustee. It thereby revoked the previous authority of John F. Dichello, Jr., the decedent's son, and Burton L. Zempsky, who had until then acted as cofiduciaries under the prior will of the decedent. Since the Probate Court's decree of April 2, 1984, the plaintiff has administered the estate and trusts of her late father.

The John F. Dichello estate and trusts together own 245 shares of common stock of the defendant Dichello Distributors, Inc. (DDI), a beer distributorship. These 245 shares (fiduciary shares) constitute a 50 percent interest in the issued and outstanding stock of DDI. The defendant James J. Dichello, the decedent's brother, holds the remaining equal interest in the corporation. In addition, there are forty-two shares of treasury stock held by the corporation. The decedent and the defendant James J. Dichello were cofounders of DDI and each always owned a one-half interest in the business.

The bylaws of DDI contain a restriction that only stockholders of record may qualify as directors of the company.[1] By virtue of this limitation, the two Dichello brothers as sole stockholders were the only directors until the decedent's death in 1979. Shortly after the death of John F. Dichello, the initial fiduciaries, John F. Dichello, Jr., and Burton L. Zempsky, registered the fiduciary shares in their names and were elected to the board of directors of DDI. They, along with the defendant James J. Dichello, who was also president of DDI, have continued to serve as directors since 1979. When the Probate Court revoked the appointment and authority of the initial fiduciaries in 1984, Zempsky refused to deliver the certificates for the fiduciary shares to the plaintiff. Zempsky, acting as general manager of DDI, also refused to register the fiduciary shares on DDI's stock records in the plaintiff's name, until after the dismissal by the Superior Court of his probate appeal was upheld by this court and certification to the

---

[1] Article II, § 1, of the bylaws of DDI provides: "The stock, property, business and affairs of this corporation shall be under the care and management of not less than three nor more than eleven directors *who shall be stockholders of record* and who shall be chosen annually at the annual meeting of the stockholders. The term of office of each director shall be for one year and thereafter, if a successor to him is to be chosen, until his successor has been elected and qualified." (Emphasis added.)

Supreme Court was denied. *Zempsky's Appeal from Probate,* 6 Conn. App. 521, 506 A.2d 1050, cert. denied, 200 Conn. 808, 512 A.2d 231 (1986).[2] The defendant's refusal to recognize the plaintiff's status as a fiduciary shareholder, together with the plaintiff's concern that transfer of the forty-two shares of treasury stock would reduce her one-half interest in the business, prompted her to commence a stockholder's action in September, 1984.

In her complaint, the plaintiff sought several remedies. Chief among them were these three: (1) an order compelling registration and delivery to her of the 245 fiduciary shares; (2) an order for a meeting of shareholders to elect qualified directors; and (3) an injunction, pending the election of qualified directors, to prevent the defendants[3] from impairing the plaintiff's 50 percent stock ownership. This third claim for relief was immediately addressed by an ex parte temporary injunction issued by the trial court, *Foti, J.,* on September 13, 1984.

After a trial, the court, *Fracasse, J.,* on May 24, 1985, rendered judgment for the plaintiff on all counts and ordered detailed relief on each of the three claims specified. In particular, the defendants were "enjoined from directly or indirectly, voluntarily or involuntarily, (1) amending the certificate of incorporation or the bylaws of DDI . . . and (4) transferring or encumbering treasury shares of DDI," pending a special meeting of

[2] The right of the defendants Zempsky and Dichello, Jr., after their transfer of the fiduciary shares to the plaintiff, to continue as directors contrary to the requirement of Article II, § 1, of the corporate bylaws that directors "shall be stockholders of record" has not been raised in this appeal. We therefore do not address this question.

[3] The plaintiff brought suit against the following defendants: Dichello Distributors, Inc., James J. Dichello, Burton L. Zempsky and John F. Dichello, Jr. The defendant John F. Dichello, Jr., did not oppose the plaintiff's claims. He was a defendant in a technical sense only due to his office as secretary of DDI.

shareholders which was ordered for June 26, 1985, "for the purpose of electing directors." The injunctive remedies fashioned by the trial court were "designed to protect [the plaintiff's] rights as a shareholder and to preserve the corporate and financial status quo." *Dichello I,* supra, 533.

A conditional stay of execution was granted pending the appeal in *Dichello I.* After a hearing on the issue of damages, which the court denied as an unsupported claim for counsel fees, the court, on July 11, 1985, rendered a supplemental judgment granting a stay of execution, but ordering the immediate delivery to the plaintiff of the corporate shares "which are in issue in this case." The court also reissued and extended its previous injunctive orders until the further order of the court because of the stay of execution pending appeal. None of the parties moved for a review of the stay order. The trial court's judgment was affirmed by this court on March 25, 1986. *Dichello I,* supra. Thereafter, on June 18, 1986, our Supreme Court denied certification of appeal. *Dichello I,* supra.

On July 23, 1986, the trial court held a hearing to lift the stay of execution imposed pending the determination of the appeal, and, by agreement of the parties, reset the new date of July 30, 1986, for the special meeting of shareholders which had been previously ordered to take place on June 26, 1985, as part of the original judgment. A partial satisfaction of that judgment was then filed in court evidencing delivery to the plaintiff of the 245 fiduciary shares in compliance with the court's judgment of July 11, 1985.

At the July 30, 1986 special corporate meeting, the plaintiff presented, and voted her 245 shares in favor of, the following resolution: "Resolved: That James J. Dichello and Gloria Dichello Hall be elected as the directors of the corporation to serve until the next annual

meeting of shareholders and until their respective successors have been elected and qualified."[4] James J. Dichello, who presided at the meeting, voted his 245 shares against the resolution and, without offering any alternative resolution or nominations, announced that "no one had received a majority of the votes, and no one had been elected a director." He then immediately adjourned the meeting which had lasted fifteen minutes.

On August 4, 1986, the plaintiff filed a motion to enforce the May 24, 1985 judgment, as modified by order of the trial court on July 23, 1986, expressly mandating that the July 30, 1986 meeting be held "for the purpose of electing directors." The plaintiff's motion requested that the court: "(i) order James J. Dichello to reconvene the special meeting of shareholders as though it were continuing on July 30, 1986 and to vote his 245 shares for the election of himself and Gloria Dichello Hall as the directors of the corporation and that, pending the reconvened special meeting, James J. Dichello be enjoined from transferring any of his 245 shares of the corporation's stock; (ii) *grant such further relief as the court may deem equitable in the circumstances;* and (iii) hold James J. Dichello in civil contempt for his disregard of the court's judgment." (Emphasis added.) In a supporting memorandum, the plaintiff argued that "[p]ending the reconvened meet-

[4] The Connecticut Stock Corporation Act, General Statutes §§ 33-282 through 33-418o, inclusive, contains the following provisions relative to the number and qualifications for directors: "[General Statutes] Sec. 33-314. NUMBER, ELECTION, CLASSIFICATION, TERM, QUALIFICATION. (a) A corporation shall have three directorships unless a greater number is set as provided in subsection (b) of this section and except that, where all the issued and outstanding shares are owned beneficially and of record by less than three shareholders, the number may be less than three but not less than the number of shareholders. . . . (f) Directors need not be residents of this state or shareholders of the corporation unless the bylaws so require. The bylaws may prescribe other qualifications for directors."

ing, all previous interim injunctive orders should be reinstated in order to preserve the *status quo.*" (Emphasis in original.)

After a hearing on the plaintiff's motion and a review of the documentary evidence describing the July 30, 1986 shareholders' meeting, the trial court on August 5, 1986, found that "the manner in which the meeting was conducted was not conducted in the spirit in which the court rendered the judgment and does not promote the true nature of the judgment. . . . [I]t may be viewed as a way of just frustrating the election of directors, and the court has a concern in that regard." The court's ruling on the plaintiff's motion was as follows: "In order to preserve the integrity of the judgment, the court grants the motion to enforce the judgment to this extent only, the court continues the judgment enforcing that portion of the judgment and orders, as enforcement of the judgment, that the defendants are continued to be enjoined from directly or indirectly, voluntarily or involuntarily, transferring or encumbering treasury stocks of DDI. That will freeze the respective shareholdings."

DDI and James J. Dichello have appealed from the court's "supplemental judgment." The two nonappealing defendants, Burton L. Zempsky and John F. Dichello, Jr., together with the defendant James J. Dichello, still hold over as directors. The defendants challenge the trial court's jurisdiction, and also claim error in the supplemental order fashioned by the court.

The defendants' first claim is that the trial court lacked jurisdiction to consider the plaintiff's postjudgment motion to enforce the original judgment. The defendants argue that the trial court's decree has been complied with completely, and that the plaintiff was given an opportunity to be elected to the board of directors at the July 30, 1986 special meeting of stock-

holders. The defendants maintain that the plaintiff's motion appears to be an attempt to open and modify the judgment, thereby giving her a place on the board of directors of DDI. We disagree.

Contrary to the defendants' assertion that the original judgment had been "complied with completely" when the July 30, 1986 meeting of shareholders took place, the trial court did not accept such literal compliance with its order for a stockholders' meeting as fulfillment of its injunction. In its decision on the plaintiff's motion to enforce the judgment, the court found that "the manner in which the meeting was conducted . . . [did] not promote the true nature of the judgment." The defendants were expressly "enjoined from directly or indirectly" engaging in the prohibited acts. Even without such specific injunctive orders, an injunction may be violated indirectly, just as if it had been violated directly, and "one cannot escape punishment upon the ground that he did not violate the letter, if he violated the manifest spirit of the injunction." *Deming* v. *Bradstreet,* 85 Conn. 650, 658, 84 A. 116 (1912); *International Brotherhood* v. *Commission on Civil Rights,* 18 Conn. Sup. 426, 430 (1954). An order to conduct a meeting of shareholders for specified purposes may require parties "to vote their stock to carry out those purposes." *Weil* v. *Beresth,* 154 Conn. 12, 22, 220 A.2d 456 (1966). Although the trial court declined to expressly direct James J. Dichello to vote his shares for the plaintiff's proposed resolution, the court did find that the "spirit" of its injunction had not been heeded.

The trial court did not lack jurisdiction to enforce its original judgment. The court had continuing jurisdiction and authority to enforce its judgment of May 24, 1985, by acting on the plaintiff's motion for such enforcement. When the trial court, after the defendants' unavailing appeal, lifted the stay of execution on July 23, 1986, and ordered that the shareholders meet

on the agreed date of July 30, 1986, the court's original judgment, including its order for a meeting on June 26, 1985, then expired, was revived. The court's May 24, 1985 judgment became immediately enforceable according to its complete terms. Compliance with the provision of the judgment pertaining to the transfer to the plaintiff and registration of the fiduciary shares in her name was made a condition to the grant of the stay of execution on July 11, 1985, at which time the injunctive orders were reaffirmed pending the defendant's appeal. The mandatory injunction ordering a special meeting of shareholders "for the purpose of electing directors" continued until its validity was determined on appeal. See *Dichello I,* supra. Until such time as this injunction was satisfied, the various ancillary injunctive orders, including the prohibition against transfer of the forty-two treasury shares, continued in effect to protect the status quo. Id., 533.

Courts may issue postjudgment remedial orders to enforce their permanent injunctions. For example, courts have the jurisdiction to hold offending parties in civil contempt pending compliance. See, e.g., *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 496 A.2d 476 (1985). "Furthermore, in dealing with judgments that decree injunctive relief . . . 'courts have inherent power to change or modify their own injunctions where circumstances or pertinent law have so changed as to make it equitable to do so.' *Adams* v. *Vaill,* 158 Conn. 478, 482, 262 A.2d 169 (1969); *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 494, 234 A.2d 825 (1967)." *Department of Health Services* v. *CHRO,* 198 Conn. 479, 487, 503 A.2d 1151 (1986). Courts have in general the "power to fashion a remedy appropriate to the vindication of a prior . . . judgment." *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 563, 468 A.2d 1230 (1983). "Having found noncompliance, the court, in the exercise of its equitable powers, neces-

sarily had the authority to fashion whatever orders were required to protect the integrity of [its original] judgment." Id., 563–64; see *Gentile* v. *Ives,* 163 Conn. 281, 282, 303 A.2d 720 (1972) (general power of the superior court to enforce its own judgments).

The defendants argue that the four month limitation of Practice Book § 326[5] operated to deprive the trial court of jurisdiction. Section 326, by its terms, does not apply to "cases in which the court has continuing jurisdiction." Because a permanent injunction necessarily requires continuing jurisdiction, § 326 is inapplicable to such a judgment. *Conservation Commission* v. *Price,* 5 Conn. App. 70, 72–73, 496 A.2d 982 (1985). The trial court did not lack jurisdiction to enforce its prior judgment by continuing the injunctive relief it had originally ordered.

The defendants also maintain that the court erred in granting the injunction without supporting evidence or testimony in the record for such a remedy. There is no merit to this claim.

The defendants themselves supplemented the record before the court by furnishing sufficient evidence to support the court's finding of noncompliance and its continuance of the injunction in enforcement of its judgment. Filed with the defendants' objection to the plaintiff's motion to enforce judgment, and incorporated therein by reference, were the following documents relating to the shareholders' meeting held on July 30, 1986: (1) the corporate minutes of that special meet-

---

[5] Practice Book § 326 provides in relevant part: "Unless otherwise provided by law and *except in such cases in which the court has continuing jurisdiction,* any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court." (Emphasis added.)

ing; (2) notice of that meeting; (3) the agenda for that meeting; (4) a list of shareholders of record with their holdings; (5) the resolution introduced by the plaintiff for the election of James J. Dichello and Gloria Dichello Hall as corporate directors; (6) the ballot of the defendant James J. Dichello voting his 245 shares against the resolution; (7) the ballot of the plaintiff voting her 245 shares for the resolution; and (8) a copy of the section of the bylaws of DDI relative to the qualification of directors. At the hearing on the plaintiff's motion, the parties and the court relied on and referred to these documents. Since this material was submitted by the defendants, they cannot now maintain that the court erred in relying upon it in rendering its decision. *Shetucket Plumbing Supply, Inc.* v. *Solar Processes, Inc.*, 3 Conn. App. 504, 506, 490 A.2d 93 (1985).

Finally, the defendants claim that the trial court erred in granting an injunction absent such a request in the plaintiff's motion to enforce judgment. As a procedural matter, there is no requirement that a motion addressed to the enforcement or modification of an injunction should again require allegations or proof of irreparable harm. *Adams* v. *Vaill*, supra, 484. An enforcement proceeding " 'does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. . . .' *Maggio* v. *Zeitz*, 333 U.S. 56, 69, 68 S. Ct. 401, 92 L. Ed. 476 (1948)." *Cologne* v. *Westfarms Associates*, supra, 148.

The plaintiff's motion asked the court, inter alia, to "grant such further relief as the court may deem equitable in the circumstances." Having found noncompliance with its injunctive order, "the court, in the exercise of its equitable powers, necessarily had the authority to fashion whatever orders were required to

protect the integrity of [its original] judgment.'' *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* supra, 563–64.

There is no error.

In this opinion the other judges concurred.