[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR ORDER DIRECTING DEPOSITION
The Estate of Mary Galvin (plaintiff) has filed an application pursuant to the provisions of section 52-412 (c) of the Connecticut General Statutes (the statute) seeking an order directing that Shearson Lehman Hutton, Inc. (defendant) go forward with a deposition of Fred C. Leonard in connection with an arbitration proceeding pending before the Department of Arbitration of the New York Stock Exchange, Inc.
According to the application, the plaintiff seeks to depose a stockbroker who resides in Stonington, Connecticut, concerning a dispute relating to the acquisition of certain investments. The defendant has objected to the deposition.
The plaintiff has filed a memorandum in support of the application and the defendant has filed a memorandum in opposition. A hearing was held on the matter in this court on October 29, 1990, after which the application was denied.
Thereafter, on November 9, 1990, the plaintiff filed a motion for articulation and this memorandum is in response thereto.
A brief review of the statutory framework is necessary. Section 52-412 of the Connecticut General Statutes is part of Chapter 909.
 "Chapter 909 was first enacted as Chapter 65 of the Public Acts of 1929 and, with some changes, was taken from the Uniform Arbitration Act first promulgated in 1925. . . ."
Marsala v. Valve Corporation of America, 157 Conn. 362, 366 (1969).
Section 52-412 (a) authorizes the use of subpoenas to obtain the attendance of witnesses and the production of books, papers, etc.
The portion of the statute in question here says:
 "(c) Any party to a written agreement for arbitration may make application to the Superior Court, or, when the court is not in session, to a judge thereof, having jurisdiction as provided in subsection (b), for an order directing the taking of depositions, in the manner and for the reason prescribed by law for taking CT Page 4819 depositions to be used in a civil action, for use as evidence in an arbitration."
The rules provided for "depositions to be used in a civil action" found in section 243 of the Superior Court Rules (Practice Book) which in pertinent part says: ". . .any party who has appeared in a civil action . . . may, at any time after the commencement of the action or proceeding in accordance with the procedures set forth in this chapter, take the deposition of any person including a party by deposition upon oral examination . . ."
Connecticut General Statutes section 52-148a
provides similarly that, "(a)ny party in a civil action . . .may, after the commencement of such action or proceeding, take the testimony of any person by deposition . . ."
The Department of Arbitration, New York Stock Exchange, Inc., arbitration rules provided by the plaintiff in the application do not provide for depositions. The Rules of Arbitration of the New York Stock Exchange provide that counsel of record shall have the power to subpoena witnesses for the arbitration hearing. A similar provision is available in Connecticut under Connecticut General Statutes section52-412 (a) of the General Statutes.
Neither of the parties makes any claim with regard to the adequacy of the notice.
The Uniform Submission Agreement under which both of the parties herein have submitted the controversy to arbitration provides that the matter is submitted, "in accordance with the constitution, bylaws, rules, regulations and/or code of arbitration procedure" of the New York Stock Exchange and further provides that the parties state that they have "read the procedures and rules".
It is clear that the said rules do not provide for discovery depositions.
The applicant has not claimed in the application that the prospective witness will not be available for the arbitration proceedings, therefore, the deposition requested is clearly a discovery deposition.
The parties have indicated that there is no appellate court decision on this issue and the Court could find none.
There are three independent reasons for the denial CT Page 4820 of the application.
First, the parties have by virtue of signing the "Uniform Submission Agreement" referred to above agreed to proceed in accordance with the rules of the Department of Arbitration, New York Stock Exchange, Inc., which do not provide for discovery depositions. "Arbitration is a creature of contract . . ." Waterbury v. Waterbury Police Union, 176 Conn. 401,403 (1979).
Secondly, even if the Submission Agreement is determined not to preclude the application of the provisions of section 52-412 (c) of the General Statutes, that statute cannot be interpreted under the circumstances here existing to require a court to order a deposition. This is true, notwithstanding the use of the language "in the manner and for the reasons prescribed by law for the taking of depositions to be used in a civil action for use as evidence in an arbitration". That language makes it clear that the purpose for which depositions are permitted in arbitration is "for use as evidence" and not for "discovery". It is recognized that the argument may be advanced that the reference to "reasons prescribed by law for taking depositions to be used in a civil action" must refer to section 52-148a of the General Statutes (since the reasons previously elucidated in section 52-148
have been eliminated by its repeal). Section 52-148a of the General Statutes does clearly provide that any party in a civil action may take the deposition of "any person".
Since there has been no suggestion by the plaintiff that the witness will not be available to testify at the arbitration hearing, the plaintiff has not established by the application that the purpose of the deposition is "for use as evidence in an arbitration".
For this reason the application must be denied.
The third reason for the denial is that the statute, even if applicable, must be interpreted so as to provide the court with discretion as to whether or not to order a deposition.
In the exercise of that discretion, the court must consider the policy of our courts favoring Alternative Dispute Resolution in these times of crowded dockets.
"Arbitration offers the disputants an informal setting, a muted adversarial tone and a speedy resolution of the issues that divide them . . ." Masters v. Masters, 201 Conn. 50,67 (1986). CT Page 4821
"Arbitration removes controversies from the area of litigation. It is looked upon with favor by this state . . . Further reason for such view is found in the crowded conditions of the court dockets throughout the state." Southington v. Major Machinery Corporation, 1 Conn. App. 253,255 (1984).
In these circumstances we must consider that "these statutes are enacted to create `an arrangement for taking and abiding by the judgment of selected persons in some disputed matter, instead of carrying it to the established tribunals of justice, and is intended to avoid the formalities, the delay, the expense and vexation of ordinary litigation."' Fishman v. Middlesex Mutual Assurance Company, 4 Conn. App. 339, 345, citing In Re Curtis-Castle Arbitration, 64 Conn. 501, 511
(1894). Moreover, in this regard, the Court adopts the reasoning of Judge Melville in Chamblo Brothers Construction Company, Inc. v. Lane, Jacques and Mosher, 7 C.L.T., No. 23 at 13 (Superior Court, J.D. of Norwalk at Stamford, January 22, 1981).
No compelling reason has been given by the plaintiff for the need for a deposition in the application.
If the statute were construed as the plaintiff suggests to provide discovery depositions of "any person," it is clear that the policies advanced would be frustrated and the advantages of arbitration minimized.
Accordingly, the application was denied for each of the above reasons.
LEUBA, J.