[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR IMMEDIATE ENFORCEMENT OF INJUNCTION
The plaintiff which prevailed at trial seeks an order for immediate enforcement of its injunction. The court on December 9, 1992 found the file.
The court cannot find a motion in the practice book that seeks an "order of immediate enforcement." The posture of the case and of the parties would seem to suggest a motion or application for termination of stay under Practice Book 4046 or an application to stay the operation of the injunction under C.G.C. 52-477.
According to the motion plaintiff claims that the court's injunction of August 7, 1992 "is currently effective and is not automatically stayed by [this] appeal." If that were true in fact and in law then plaintiff's remedy would be a motion that defendant be found in contempt.
I. Zoning
Plaintiff in its motion explains that it wants the "order of immediate enforcement . . . to protect the effectiveness and integrity of the permanent injunction by prohibiting defendants from proceeding with their application to rezone their property to [sic] Quarry Industrial."
Zoning was never a serious question in this action, and is not for the purposes of this motion, O'Neill v. Carolina Freight Carriers Corporation, 156 Conn. 613, 614, 617-18.
II. Preserve and Protect Property
This action is no longer for money damages and thus is not analogous to Hartford Federal Savings Loan Ass'n v. Tucker, 192 Conn. 11, which allows a receivership to continue during an appeal "to preserve and protect property pending the outcome of litigation." id. 7. The "property" there referred to is either the defendant's or at best a piece of property the ownership of which is the subject of the action. That is not our situation.
The court does not feel compelled to act to protect its judgment and orders as did the court in Hall v. Dichello Distributors, Inc., 14 Conn. App. 189.
III. C.G.S. 52-477
CT Page 11017
The purpose of this section is to stay the operation of "a permanent injunction ordering [a] party to perform any act." This court's injunction does not order any defendant "to perform any act" but rather to cease performing various acts.
Motion is denied.
N. O'NEILL, J.