[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re MOTION FOR SUMMARY JUDGMENT (#144)
The plaintiff, Karen Gonzalez, seeks damages as a result of injuries sustained on February 19, 1993, when her car allegedly slid down an icy driveway at 435 Main Street, Yalesville, Connecticut, into another vehicle. The driveway is allegedly CT Page 13497 owned by one or more of the defendants. One of those defendants, Patricia Buckbee Carruthers, has now moved for summary judgment as to her, individually. Her argument is based on her claim that as a mere officer of the defendant Carruthers Enterprises, Inc., she cannot be held personally liable for any of the plaintiff's damages. She alleges that there are no material facts in dispute as to this claim, and that she is therefore entitled to judgment as a matter of law.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
In support of her motion for summary judgment, Carruthers has submitted an affidavit[1] and other documentation tending to show that the defendant Carruthers Enterprises, Inc. (CEI) was incorporated in 1987 with Robert W. Carruthers (Robert) as president/director and herself as secretary/treasurer; that the sole director was Robert, who controlled and managed the corporation; that she did nothing more than sign corporate minutes of the original meeting of the corporation; that she did not own or operate the premises at 435 Main Street or have any duty to maintain that property; and that she did not contribute to the cause of the plaintiff's accident. CT Page 13498
Although Carruthers includes in her affidavit the broad statement that she is not responsible for the plaintiff's injuries, the mere making of such a statement in an affidavit is not sufficient to resolve claims of negligence on summary judgment. The gravamen of her motion, however, is that as an individual officer of CEI, she cannot, as a matter of law, be held responsible personally for any negligence on the part of CEI. It is in support of that legal proposition that she attests, in her affidavit, that she was merely an officer, not a director or a shareholder, and that she had no control over the operation of the corporation or the subject premises.
In opposition to summary judgment, however, the plaintiff has introduced Robert's deposition testimony to the effect that Patricia Carruthers was a director of CEI; that CEI was formed solely for the purpose of acquiring a long-term 50 percent ownership interest in the property where the plaintiff was injured; and that he had no idea as to why incorporation was required or beneficial, other than that he had created the corporation at the behest of the defendant F. Woodward Lewis, Jr., Esq.
The plaintiff also submitted deposition testimony of Patricia Carruthers to the effect that other than the initial meeting of CEI, there have been no other meetings held, minutes kept, or biennial reports filed; that she was in fact the incorporator of CEI; that CEI's interest in the subject premises was purchased with funds from a home equity loan taken by her on her residence in Wallingford, said loan having been used not only to fund the purchase of the subject premises but also to provide improvements to the family residence; that she was a guarantor of the home equity loan; that she had transferred her shares in CEI directly to her husband without consideration; that she was authorized to perform a variety of actions on behalf of the corporation; that Robert sold his entire interest in the subject premises to defendant F. Woodward Lewis, Jr., Esq. for one dollar; and that she makes the payments on the outstanding loan for purchase of the subject premises.
In short, in responding to Patricia Carruthers' motion for summary judgment, the plaintiff has raised the issue of unity of interest of ownership between Patricia Carruthers and CEI. The plaintiff therefore argues that the interests of justice require that the court disregard the shield of the corporate structure. CT Page 13499
"Courts will . . . disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor." Saphir v. Neustadt, 177 Conn. 191,209, 413 A.2d 843 (1979). The piercing of the corporate veil is equitable in nature. Angelo Tomasso, Inc. v. Armor Construction Paving. Inc., 187 Conn. 544, 555, 447 A.2d 406 (1982). "`When the statutory privilege of doing business in the corporate form is employed as a cloak for the evasion of obligations, as a mask behind which to do injustice, or invoked to subvert equity, the separate personality of the corporation will be disregarded.'Mull v. Colt co., 31 F.R.D. 154, 166 (S.D.N.Y. 1962)." DeMartinov. Monroe Little League, Inc., 192 Conn. 271, 275, 471 A.2d 638
(1984).
A key factor in making a determination of whether the corporate shield should be disregarded is the degree of control or influence exercised over the corporation by the individual sought to be held liable. Christian Bros., Inc. v. South WindsorArena. Inc., 7 Conn. App. 648, 651, 509 A.2d 1095 (1986). "If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity. . . ." Zaist v. Olson, 154 Conn. 563, 576, 227 A.2d 562
(1967).
"Although the `identity rule' `primarily applies to prevent injustice in the situation where two corporate entities are, in reality, controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of corporate formalities between the two entities'; Angelo Tomasso, Inc. v. Armor Construction PavingInc., supra, 560; the rule may also be employed in an appropriate case to hold an individual liable. Saphir v. Newstadt, supra, 209-10; Zaist v. Olson, supra, 575." Falcone v. Watchman, Inc.,11 Conn. App. 218, 227, 526 A.2d 550 (1987).
The opposing affidavits, pleadings, documentary evidence and memoranda of law raise, but do not resolve these issues. The material facts regarding whether the corporate veil should be pierced are very much in dispute. Therefore, the issue is not one that can be resolved on summary judgment. CT Page 13500
The motion for summary judgment by the defendant Patricia Carruthers is denied.
Jonathan E. Silbert, Judge