[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for failure to pay for construction equipment, related services and material. The first three counts are against the defendants Blue Moon Trucking (Blue Moon), George Goodale, its principal, and Archie Bailey, for the failure to pay for construction equipment and related services. The fourth count is against the defendant Blue Moon, only, for failure to pay the balance for processed stone sold to it by the plaintiff.
 I
Immediately after the close of the evidence the court rendered judgment from the bench for the defendant Archie Bailey for failure of the plaintiff to prove the allegations of the complaint against Bailey by a fair preponderance of the evidence. That judgment stands.
 II
The first and second counts are against the defendants Blue Moon and its principal Goodale, alternatively. The plaintiff testified that he entered into an oral contract with Goodale on the site. Goodale denied any contract whatsoever.
"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence." (Internal quotation marks omitted.) L R Realty v. Connecticut National Bank, 53 Conn. App. 524,534, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). I find the plaintiff's principal, Blythe, more credible than Goodale and, accordingly, find that an oral contract was created.
"It is true that the agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal."Scribner v. O'Brien, 169 Conn. 389, 404, 363 A.2d 160 (1975). As reflected in prior dealings between the parties, one of which is embodied CT Page 9004 in the fourth count in this action, the plaintiff was aware that Goodale did business as Blue Moon, a corporation. The question, however, is whether in this transaction Goodale contracted for himself, individually, or for Blue Moon.
"Determining the identities of the parties to this contract is a question of fact to be determined by the trier." Sandella v. Dick Corp.,53 Conn. App. 213, 222, 729 A.2d 813, cert. denied, 249 Conn. 926,733 A.2d 849 (1999). Whether the plaintiff contracted with Goodale in the latter's individual or representative capacity is a question of fact.Shetucket Plumbing Supply Co. v. Solar Processes, Inc., 3 Conn. App. 504,505-06, 490 A.2d 93 (1985).
The final bill that the plaintiff mailed or caused to be delivered to Goodale was addressed to "Blue Moon Trucking," not Goodale. "The meaning of the terms of a contract as shown by the conduct of the parties regarding them is a proper consideration in the interpretation of the contract." Taft Realty Corporation v. Yorkhaven Enterprises, Inc.,146 Conn. 338, 343, 150 A.2d 597 (1959). The conduct contemplated by this rule includes post-contract correspondence between the parties. Leventhalv. Stratford, 121 Conn. 290, 297, 184 A. 587 (1936); Genovese v. WinmoreConstruction, Inc., 4 Conn. Cir. 456, 460-61, 234 A.2d 651 (App.Div. 1967). Based on this and on the plaintiff's knowledge that Goodale did business through Blue Moon, the court finds that the contract the plaintiff made was with Blue Moon and not with Goodale individually.
 III
The plaintiff seeks attorney's fees and a "service charge" of 18% per annum, based on invoices delivered to and signed by Goodale. Such a service charge is synonymous an interest charge. Christian Brothers,Inc. v. South Windsor Arena, Inc., 7 Conn. App. 648, 651-52, 509 A.2d 1095
(1986). Interest at 18% per annum is far above the maximum statutory rate of 10% per annum recoverable a damages for the detention of money after it has become payable. General Statute § 37-3a.
"The general rule of law . . . is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs. . . ." Rizzo Pool Co. v. DelGrasso, 240 Conn. 58, 72-73, 689 A.2d 1097 (1997). Similarly, interest in excess of that recoverable by statute is not recoverable for breach of contract unless the parties to the contract have agreed to it. Ruscitov. F-Dyne Electronics Co., 177 Conn. 149, 163, 411 A.2d 1371 (1979);Christian Brothers, Inc. v. South Windsor Arena, Inc., supra, CT Page 90057 Conn. App. 651-52.
The court finds that subsequent to the creation of the oral contract between the plaintiff and Blue Moon, an employee of the plaintiff presented Goodale with invoices for certain equipment rented and asked him to sign them. This was done at the job site. Goodale signed the invoice slips. At the bottom of each invoice slip was printed the following: "Buy agrees to pay service charge at 1 1/2% per month (18%) per annum on accounts past due and all costs of collection including attorney's fees."
"`[P]arties are free to contract for whatever terms on which they may agree [and] . . . a court must enforce the contract as drafted by the parties . . . unless the contract is voidable on grounds such as mistake, fraud or unconscionability.' Gibson v. Capano, 241 Conn. 725, 730-31,699 A.2d 68 (1997). `Whether the parties to a contract intended to modify the contract is a question of fact.' Herbert S. Newman Partners v. CFCConstruction Ltd. Partnership, 236 Conn. 750, 762, 674 A.2d 1313 (1996)."ALCA Construction Co. v. Waterbury Housing Authority, 49 Conn. App. 78,86, 713 A.2d 886 (1998).
"Whether the parties to a contract intended to modify the contract is a question of fact." Three S. Development Co. v. Santore, 193 Conn. 174,177-78, 474 A.2d 795 (1984). "In order to prove that a contract has been modified, the party asserting the modification must show mutual assent to its meaning and conditions. Bar-Rob Bus Corporation v. Fairfield,170 Conn. 397, 402, 365 A.2d 1086 (1976); Hess v. Dumouchel Paper Co.,154 Conn. 343, 347, 225 A.2d 797 (1966)." First Hartford RealtyCorporation v. Ellis, 181 Conn. 25, 33, 434 A.2d 314 (1980). The plaintiff has failed to sustain its burden of proof that there was a modification of the parties agreement. First, there were no witnesses to the conversation between Goodale and the plaintiff's employee, except Goodale. Id. He testified that the employee confronted him on the work site with several invoices and insisted that Goodale sign them. The purpose of the documents was to elicit evidence from Goodale that he in fact had rented the equipment and services. There is no evidence that Goodale read, much less agreed to, anything that modified the preexisting agreement. In most cases, the invoices named Archie Bailey as the customer. Under these circumstances, Goodale's signature in the field on what amounts to tickets does not suffice to prove mutual assent to the terms of the supposed modification. The plaintiff has failed to prove that the agreement was subsequently modified to provide for attorney's fees and services charges, or interest.
 IV
CT Page 9006
On the fourth count, the court finds the issues for the plaintiff, based on the relative credibility of Blythe and Goodale. The court does not find that conformity of the processed stone to state specifications was a condition of the purchase. "[W]hat the terms of the agreement were was a question of fact for the trier." Lopinto v. Haines, 185 Conn. 527,536, 441 A.2d 151 (1981).
 V
Although the plaintiff is not entitled to attorney's fees and enhanced interest in the nature of a service charge, he nonetheless seeks interest in his claims for relief. Interest may be awarded by statute, General Statutes § 37-3a.[1]
"Pursuant to General Statutes § 37-3a, prejudgment interest is awarded in the discretion of the trial court to compensate the prevailing party for a delay in obtaining money that rightfully belongs to him. . . . The detention of the money must be determined to have been wrongful. Its detention can only be wrongful, however, from and after the date on which the court, in its discretion, determines that the money was due and payable." (Citations omitted; footnote omitted; internal quotation marks omitted,) Northrop v. Allstate Insurance Co., 247 Conn. 242, 254-55,720 A.2d 879 (1998). The court finds that the defendant Blue Moon's detention of money was wrongful and wrongful from the date of the March 10, 1997 statement provided by the plaintiff. Interest therefore runs from March 10, 1997 to the date of this judgment. Paulus v. LaSala,56 Conn. App. 139, 151, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928,746 A.2d 788 (2000). For the processed stone, interest runs from June, 1996.
The remaining question is at what rate should interest run. "In Sears,Roebuck Co. v. Board of Tax Review, 241 Conn. 749, 756-66, 699 A.2d 81
(1997), the court held that General Statutes § 37-3a does not fix a uniform rate of interest in all cases but establishes a maximum rate. Accord Weyel v. Catania, Superior Court, judicial district of New Haven at New Haven, Docket No. 361996 (July 1, 1999, Silbert, J.); cf.Connecticut Post Ltd. Partnership v. Allen, Superior Court, judicial district of New Haven, Housing Session, Docket No. 9610-7875 (January 12, 1998, Levin, J.). The court judicially notices that during the time in question, market interest rates have been far below 10 percent. SeeNew Haven Trust Co. v. Doherty, 74 Conn. 468, 472, 51 A. 130 (1902)." Hamv. Greene, Superior Court, Judicial District of New Haven, No. 322775 (June 12, 2000). Prejudgment interest in the amount of 5.86% is awarded.
Judgment may enter for the defendants George Goodale and Archie Bailey. Judgment may enter for the plaintiff and against Blue Moon CT Page 9007 Trucking on the first count for $8,090.00[2] and on the fourth count for $1,961.00, together with total interest of $1,910.00.[3] Judgment, therefore, may enter in favor or the plaintiff and against the defendant Blue Moon in the amount of $11,961.00.
BY THE COURT
Bruce L. Levin Judge of the Superior Court