CONSERVATION COMMISSION OF THE TOWN OF SIMSBURY *v.* EDMUND W. PRICE ET AL.
(3557)

HULL, BORDEN and SPALLONE, Js.

Argued June 6—decision released August 20, 1985

*Kenneth J. McDonnell,* for the appellants (defendants).

*Marshall K. Berger, Jr.,* with whom, on the brief, was *Jonathan S. Zorn,* law student intern, for the appellee (plaintiff).

HULL, J. This appeal arises out of a judgment of the trial court awarding the plaintiff, the Simsbury conservation commission, attorney's fees which it had incurred in defending a prior appeal to the Supreme Court[1] by the defendants.[2] We find no error.

The course of the dispute underlying this appeal is fully set forth in the Supreme Court's opinion in Price's first appeal. The plaintiff, claiming a violation of the Inland Wetlands and Watercourses Act; General Statutes §§ 22a-36 through 22a-45; sought to enjoin the defendant property owners from continuing work on a certain dam repair project on their property. After the Supreme Court affirmed the trial court's judgment granting a permanent injunction to the plaintiff, the plaintiff moved, in the trial court, for costs and attorney's fees incurred by it in defending that appeal. The trial court, *N. O'Neill, J.,* granted the plaintiff's motion

---

[1] *Conservation Commission* v. *Price,* 193 Conn. 414, 479 A.2d 187 (1984).

[2] The named defendant's wife, Ruth D. Price, is also a party hereto.

and awarded it costs and fees totalling $9686.33. The defendants then filed this appeal claiming that the trial court erred (1) in deciding that it had the authority to rule on the plaintiff's motion, (2) in deciding that General Statutes § 22a-44[3] authorized the assessment of costs and fees incurred in defending an appeal, and (3) in assessing punitive damages against the defendants for exercising their right to appeal.

The defendants' first claim, that the trial court erred in deciding that it had the authority to assess costs and fees incurred in an appeal, is based upon their reading of Practice Book § 326.[4] That section requires that a

[3] General Statutes § 22a-44 (b) provides: "Any person who commits, takes part in, or assists in any violation of any provision of sections 22a-36 to 22a-45, inclusive, including regulations promulgated by the commissioner and ordinances and regulations promulgated by municipalities or districts pursuant to the grant of authority herein contained, shall be fined not more than one thousand dollars for each offense. Each violation of said sections shall be a separate and distinct offense, and, in the case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The superior court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to impose fines pursuant to this section. All costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorney's fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action. The moneys collected pursuant to this section shall be used by the commissioner of environmental protection, to restore the affected wetlands or watercourses to their condition prior to the violation, wherever possible."

[4] Practice Book § 326 provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.

"Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the court."

motion to set aside or open a judgment must be filed within four months of the date upon which it was rendered. From that section, the defendants conclude that the lack of such a motion in the present case renders the court's subsequent award of fees and costs a nullity.

This argument is fatally flawed, however. Practice Book § 326 contains two express exceptions to its general rule. That provision does not apply where otherwise provided by law and where the court has continuing jurisdiction. In the present case, the court retained continuing jurisdiction through its original grant of a permanent injunction to the town. "It cannot be doubted that courts have inherent power to change or modify their own injunctions where circumstances or pertinent law have so changed as to make it equitable to do so." *Adams* v. *Vaill,* 158 Conn. 478, 482 (1969). The awarding of attorney's fees in an action under this statute is ancillary to the injunction itself.

Further, it should be obvious that before "[a]ll costs, fees and expenses in connection with such action . . . together with reasonable attorney's fees" can be assessed; General Statutes § 22a-44 (b); the action must be concluded so that the amount of those costs, fees and expenses can be computed. "We must avoid a consequence which fails to attain a rational and sensible result . . . ." *LaProvidenza* v. *State Employees' Retirement Commission,* 178 Conn. 23, 29, 420 A.2d 905 (1979); see also *Dukes* v. *Durante,* 192 Conn. 207, 214, 471 A.2d 1368 (1984). "In construing a statute courts must presume that a reasonable and rational result was intended." *Frazier* v. *Manson,* 176 Conn. 638, 643, 410 A.2d 475 (1979). The most appropriate time for the town to request its costs, fees and expenses was after the defendants' appeal had been concluded. Hence, its motion for costs was timely under the statute and the court was within its authority to rule upon that motion.

The defendants' second claim of error is that General Statutes § 22a-44 (b) does not authorize the assessment of costs, fees and expenses incurred at the appellate level. In support of this argument, they point to the potentially unlimited liability to which a violator of the statute could be exposed for attorney's fees incurred by towns in defending or prosecuting appeals. Such exposure, they argue, would have a drastic chilling effect on appellate review of judgments rendered pursuant to this statute.

The short answer to this claim is that an assessment of attorney's fees is discretionary with the court, by the statute's express terms.

Further, there is no way to interpret the terms of the statute to distinguish trial fees from appellate fees. The statute uses the term "action" rather than "trial." Legislative intent is to be ascertained from the language of the statute itself if the language is plain and unambiguous. *Mancinone* v. *Warden,* 162 Conn. 430, 439, 294 A.2d 564 (1972); *Little* v. *Ives,* 158 Conn. 452, 455, 262 A.2d 174 (1969). To construe the statute as the defendants urge would be to frustrate the obviously ameliorative purposes of the statute by allowing attorney's fees at the trial level and not at the appellate level. Thus, we conclude that the legislature did not intend to preclude a town from recovering appellate costs. Had it wished to do so, that goal could easily have been accomplished through a simple change in the wording of the statute.

Finally, the defendants claim that the court assessed "punitive damages" against them for pursuing their appeal. This argument is based on their conclusion that their original appeal was a benefit to other landowners because it clarified the meaning of the statute. Further, they argue that they might not have appealed had they known of their exposure to an assessment of costs incurred by the town in defense of their appeal.

Since we have concluded that the statute was clear regarding their liability for fees, the defendants' second argument fails. With regard to their first argument, we note that, although the Supreme Court's decision was lengthy,[5] it was unanimous in its strong support of the trial court's decision. The defendants' claimed assistance to other landowners through the pursuit of their appeal is illusory in light of the clear language employed in the statute.

The defendants also argue that "[c]ertainly the Defendants' original appeal was not frivolous and unjustified. The trial court abused its discretion in ordering the Defendants to pay all of the attorneys fees and costs requested by the plaintiff." The test to be applied by the court in assessing costs and fees, however, is not whether the action, or the appeal, is "frivolous and unjustified." Rather, it is clear from the express terms of General Statutes § 22a-44 (b) that costs and fees were intended "to restore the affected wetlands or watercourses to their condition prior to the violation, whenever possible," and to place the financial burden of restoration upon the violator. We note that the defendants do not claim that the amount charged by the plaintiff's counsel was unreasonable in relation to the work done. We find no abuse of the trial court's discretion in this case.

There is no error.

In this opinion the other judges concurred.

---

[5] The defendants also argue that the length of the court's opinion on their appeal, and the amount of time expended by the town in preparing its defense, somehow supports their claim that the appeal was justified and that they should, therefore, not be assessed costs. We simply note that the length of an opinion and the amount of time spent in preparing to defend an appeal often bear no relationship to the difficulty or validity of the issues raised therein.