[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY RESTRAINING ORDER
ISSUE CT Page 5246
Whether the court should enjoin the defendant from continuing to disturb wetlands on the subject premises.
FACTS
On January 2, 1991, the plaintiff, the Inland Wetland Commission of the Town of Clinton, approved the issuance of a permit to the defendant, George Gerl, allowing him to conduct regulated activities within wetlands and within one hundred feet of the wetlands located on the defendant's mother's property. (Plaintiff's Exhibit E, October 28, 1991, Permit; Plaintiff's Exhibit H, October 28, 1991, Cease and Desist Order; see also Plaintiff's Exhibit B, October 28, 1991, Amendment to Inland Wetlands and Watercourses Regulations, Sec. 2.1(w) and Application.) Subsequently, on October 2, 1991, Barbara B. Swan, the Zoning and Wetlands Enforcement Officer for the Town of Clinton, issued a cease and desist order to the defendant and suspended his permit on the grounds that the defendant failed to follow the approved plan. (Plaintiff's Exhibit H, October 28, 1991, Cease and Desist Order.) On October 5, 1991, the plaintiff held a show cause hearing and, finding the violations previously observed by the enforcement officer, affirmed the cease and desist order. (Plaintiff's Exhibit J, October 28, 1991, Site Inspection/Show Cause Hearing.)
On October 25, 1991, the plaintiff filed an application for a temporary injunction in the Superior Court which alleges, inter alia, that the defendant was continuing to violate wetlands on the subject premises though earth moving activities. On November 4, 1991, the court, Arena, J., ordered, in accordance with an agreement of the parties, that the cease and desist order was to stay in place until the defendant had flagged the wetlands on the subject premises, mapped the areas of wetlands and implemented various soil erosion, sedimentation and seeding plans. (Transcript of November 4, 1991, p. 3) The court also ordered that the application for the temporary restraining order would go off and that the plaintiff would be able to reclaim the application on the next available short calendar. (Transcript of November 4, 1991, p. 1.)
The plaintiff has now reclaimed the matter and alleges that the continuing violations of the permit issued to the defendant and of the Inland Wetlands and Watercourses Regulations of the Town of Clinton (the "Regulations") entitle the plaintiff to the issuance of a temporary restraining order against the defendant enjoining him from conducting any regulated activities in or within one hundred feet of the wetlands located on the subject premises. CT Page 5247
DISCUSSION
 "General Statutes Sec. 22a-44(b) provides: "Any person who commits, takes part in or assists in any violation of any provision of section 22a-36 to 22a-45, inclusive, including regulations promulgated by the commissioner and ordinances and regulations promulgated by municipalities or districts pursuant to the grant of authority herein contained, shall be fined not more than one thousand dollars for each offense. Each violation of said section shall be a separate and distinct offense, and, in the case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The superior court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to impose fines pursuant to this section. . . ."
Conservation Commission v. Price, 5 Conn. App. 70, 72 n. 3,496 A.2d 982 (1985).
The Regulations provide that "[n]o person shall conduct or maintain a regulated activity without first obtaining a permit for such activity from the Inland Wetland Agency of the Town of Clinton." (Plaintiff's Exhibit A, October 28, 1991, Regulations, Sec. 6.1.) The Regulations define a "regulated activity" as "any operation within or use of a wetland or watercourse involving removal or deposition of material; or any obstruction, construction, alteration, or pollution, of such wetlands or watercourses, and any earth moving, filling, construction, or clear-cutting of trees. . . ." (Plaintiff's Exhibit A, October 28, 1991, Regulations, Sec. 2.1(v).)
Where a party brings an action for injunctive relief pursuant to a statute, that party need only meet the conditions imposed by the statute and may not be required to allege and prove irreparable harm and the absence of an adequate remedy at law. Conversation Commission v. Price,193 Conn. 414, 429, 479 A.2d 187 (1984) citing General CT Page 5248 Statutes Sec. 22a-44.
 "It is the court's duty to carry out the intention of the legislature as expressed in the statute it has enacted and to make the remedy it has provided an effective and efficient means of dealing with violations of the act and regulations properly promulgated under its authority." Conservation Commission v. Price, supra, 430. This does not mean that a court is "mechanically obligated to grant an injunction for every violation of law." Weinberger v. Romero-Barcelo, 456 U.S. 305, 102 S.Ct. 72 L.Ed.2d 91
(1982). A judge retains a reasonable discretion to decide whether injunctive relief is appropriate even though it is authorized by statute.
Burns v. Barrett, 212 Conn. 176, 194, 561 A.2d 1378, cert. denied, 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558
(1989).
There was ample evidence adduced at the hearing before this court that the defendant conducted regulated activities in or within one hundred feet of the wetlands on the subject premises and that these activities went beyond the scope of his permit. In fact, the defendant conceded that he had disturbed the wetlands on the subject premises.
The defendant argues, however, and there was no contradictory evidence on this point, that all such disturbances were caused by his attempts to remove the large amounts of man-made refuse which previous owners of the subject premises had deposited thereon. Although he concedes that these removal activities were not explicitly allowed in the permit, he further argues that these removal activities were contemplated by the parties as the first step of his construction plan, that they were natural activities, and that they were performed in the only reasonable manner which the circumstances allowed.
While the removal of the man-made refuse located on the subject premises is a worthy cause, the plaintiff is justly concerned about the method in which the removal is carried out. Such activities require a permit and the plaintiff has none which encompasses these activities, regardless of what the parties may have contemplated.
The defendant further argues that the court does not have jurisdiction to hear this application because CT Page 5249 the plaintiff has failed to exhaust its administrative remedies in that it issued a second cease and desist order to the defendant on April 8, 1992, and it has failed to hold a hearing on this order as required by General Statutes Sec.22a-44(a). (Defendant's Exhibit 1, May 11, 1992, Cease and Desist Order). This argument is unavailing because General Statutes Sec. 22a-44(a) further provides that "the issuance of an order pursuant to this section shall not delay or bar an action pursuant to subsection (b) of this section." Cf. McManus v. Carothers, 2 Conn. L. Rptr. 299, 310 (August 21, 1990, Gormley, J.) (there may be some merit to the claim that the Commissioner of Environmental Protection may not first proceed under General Statutes Sec. 22a-44(a). Furthermore, the order of the court on November 4, 1991, which was made in accordance with an agreement of the parties clearly provides that the plaintiff may pursue its application on the next available short calendar.
The defendant argues that the court should not issue an injunction because his removal activities are unregulated pursuant to Regulations Sec. 4.1(a) in that the subject premises constitutes a farm. The defendant bases this argument on a letter he sent to the plaintiff on December 3, 1991, requesting that the plaintiff issue a declaratory ruling pursuant to Regulations Sec. 2.1(z)(1) that the subject premises constitutes a farm. The testimony of Robert Grabarek, the Chairman of the plaintiff, indicated that because the plaintiff lacked sufficient evidence to act on the defendant's letter, the plaintiff requested that the defendant file a formal application which would supply the information necessary for a declaratory ruling under Regulations Sec. 2.1(z)(1). In any case, the plaintiff never ruled that the subject premises constitutes a farm. Furthermore, any such ruling would be "subject to limitation or revocation if it is later shown that a regulated activity or non-permitted use is a consequence of that proposed activity." Regulations Sec. 2.1(z)(1). Accordingly, this argument is unpersuasive.
Finally, the defendant argues that the plaintiff does not have jurisdiction to bring this action because the portion of the subject premises where all disturbances have occurred is within the exclusive jurisdiction of the Army Corps of Engineers. This argument is based on a letter and map sent to the defendant by the Army Corps of Engineers on March 27, 1992 (Defendant's Exhibit 16, May 19, 1992, Letter and attached map.) There is no indication on either the map or the letter that the Army Corps of Engineers is attempting to exert exclusive jurisdiction over the areas indicated on the map. Furthermore, Robert Grabarek testified that whenever he has dealt with the Army Corps of Engineers on behalf of the plaintiff, the jurisdiction exercised by the plaintiff and by the Army Corps of Engineers has been concurrent and that the jurisdiction of the Army Corps of CT Page 5250 Engineers over the area indicated on the map is concurrent with that of the plaintiff. The defendant has failed to show that the plaintiff lacks jurisdiction over the disturbed portions of the subject matter premises.
Wherefore, the court hereby orders that the defendant cease and desist from any use of the subject premises which would intrude upon, endanger or destroy any designated wetland or any area within one hundred feet of any designated wetland, that the defendant should, with the assistance of a professional surveyor or engineer, flag all wetlands on the subject premises, present a drawing or map defining or delineating all damaged areas and submit a plan of restoration to the Inland Wetland Commission of the Town of Clinton along with a timetable to achieve such restoration. The court further orders that such flagging, presentation and submission be performed within sixty days of the date of this order unless the defendant, with the verification of his professional engineer or surveyor, demonstrates to this court that he is unable to comply, in which case an extension of time not exceeding a further thirty days may be granted. The court further orders that in the event that the defendant fails to timely carry out any of the requirements of this order that he be fined a penalty of one hundred dollars per day, to be collected by the Inland Wetland Commission of the Town of Clinton and that the plaintiff may use the proceeds of a bond provided by the defendant, assuming the surety has no interest therein, for the purpose of restoring the damaged wetlands located on the subject premises.
AUSTIN, JUDGE