VINCENT T. MCMANUS, JR., ET AL. *v.* COMMISSIONER
OF ENVIRONMENTAL PROTECTION
(11343)

DUPONT, C. J., HEIMAN and FREEDMAN, JS.

Argued January 12—decision released April 27, 1993

*Patrick M. Noonan,* for the appellants (plaintiffs).

*Patricia A. Horgan,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Joseph Rubin* and *Robert B. Teitelman,* assistant attorneys general, for the appellee (defendant).

DUPONT, C. J. The plaintiffs[1] appeal from a judgment of the trial court upholding an order of the commissioner of the department of environmental protection (DEP). The order required the plaintiffs to remove fill that had been placed around a farm pond that had been excavated on wetlands on their property and to restore the wetlands surrounding the pond. The dispositive issue on appeal is one that has not been resolved by our appellate courts. It is whether the DEP could prop-

---

[1] The plaintiffs are Vincent T. McManus and Patricia McManus, his wife.

erly issue an administrative order under General Statutes § 22a-44 (a) three years after having originally brought a civil action pursuant to General Statutes § 22a-44 (b), which action was still pending at the time of the order. We hold that the DEP cannot.[2]

The following facts are undisputed by the parties. In April, 1985, the named plaintiff contacted the DEP about excavating for a farm pond on his property. A DEP environmental analyst made a preliminary on-site determination that the proposed farm pond was not likely to have a significant adverse impact and was "no big deal." In September, 1985, the DEP informed the plaintiffs that their proposed farm pond could be excavated without a permit and that they were entitled to an exemption under General Statutes § 22a-40 (a) (1), but creation of a "pasture or other fast land in wetlands adjacent to the pond [was] not exempt." Shortly thereafter, the plaintiffs filed an application for a permit, which they withdrew on November 6, 1985.

In the spring of 1987, the plaintiffs excavated a farm pond on their property without a permit from the DEP. On May 4, 1987, the DEP filed a civil action pursuant to General Statutes § 22a-44 (b) against the plaintiffs seeking the removal of the fill from the wetlands adjacent to the farm pond, the restoration of the wetlands to their prior condition and the payment of a civil penalty and various other costs. On March 6, 1990, the DEP issued an administrative order directing the same remedy as was sought in the civil claim, except for the penalty and costs.[3] Two days later, after almost three

---

[2] In view of our holding, we need not reach the issue of whether General Statutes § 22a-40 (a) (1), which exempts from "regulated activities" in § 22a-38 (13) certain farm ponds, also exempts the deposition of the spoils derived from the excavation of such farm pond. After the creation of the farm pond at issue in this case the statute was amended, making it unlikely that this issue will need to be resolved in other cases.

[3] The plaintiffs were notified about the administrative order on March 12, 1990.

years of extensive pleadings, motions and depositions, the DEP withdrew its civil claim against the plaintiffs, leaving its administrative order extant.

Pursuant to General Statutes § 22a-43, the plaintiffs appealed from the administrative order. After a hearing was held, a DEP administrative hearing officer issued a "Final Decision and Order" that upheld the administrative order. The plaintiffs then appealed to the Superior Court, which upheld the decision of the DEP administrative hearing officer. This appeal followed.

The dispositive issue here revolves around the relationship and interaction between subsections (a) and (b) of General Statutes § 22a-44.[4] The plaintiffs claim

[4] General Statutes § 22a-44 (a) provides: "If the inland wetlands agency or its duly authorized agent finds that any person is conducting or maintaining any activity, facility or condition which is in violation of sections 22a-36 to 22a-45, inclusive, or of the regulations of the inland wetlands agency, the agency or its duly authorized agent may issue a written order by certified mail, to such person conducting such activity or maintaining such facility or condition to cease immediately such activity or to correct such facility or condition. Within ten days of the issuance of such order the agency shall hold a hearing to provide the person an opportunity to be heard and show cause why the order should not remain in effect. The agency shall consider the facts presented at the hearing and within ten days of the completion of the hearing notify the person by certified mail that the original order remains in effect, that a revised order is in effect, or that the order has been withdrawn. The original order shall be effective upon issuance and shall remain in effect until the agency affirms, revises or withdraws the order. The issuance of an order pursuant to this section shall not delay or bar an action pursuant to subsection (b) of this section. The commissioner may issue orders pursuant to sections 22a-6 to 22a-7, inclusive, concerning an activity, facility or condition which is in violation of said sections 22a-36 to 22a-45, inclusive, if the municipality in which such activity, facility or condition is located has failed to enforce its inland wetlands regulations."

Subsection (b) provides: "Any person who commits, takes part in, or assists in any violation of any provision of sections 22a-36 to 22a-45, inclusive, including regulations adopted by the commissioner and ordinances and regulations promulgated by municipalities or districts pursuant to the grant of authority herein contained, shall be assessed a civil penalty of not

that because the defendant originally brought a civil action against the plaintiffs pursuant to § 22a-44 (b), litigated it for three years and then withdrew it, the defendant could not then issue an administrative order pursuant to § 22a-44 (a). The plaintiffs contend that allowing the DEP, after three years of litigation, to effect the same remedy by administrative order as was sought in the civil action is highly inequitable and oppressive. The DEP, however, claims that the subsections allow alternative remedies, are not exclusive, and the use of one does not bar the use or substitution of the other.

General Statutes § 22a-44 provides two different statutory remedies for dealing with a violation of General Statutes §§ 22a-36 through 22a-45, the Inland Wetlands and Watercourses Act. *Conservation Commission* v. *Price,* 193 Conn. 414, 421, 479 A.2d 187 (1984). Subsection (a) allows an inland wetlands agency or its agent to issue orders directing a violator of the act "to cease immediately such activity or to correct such [violations]." Subsection (b) provides for the assessment of a civil penalty for violations of the act and gives the Superior Court jurisdiction "to restrain a continuing violation . . . to issue orders directing that the vio-

more than one thousand dollars for each offense. Each violation of said sections shall be a separate and distinct offense, and, in the case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense. The superior court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to assess civil penalties pursuant to this section. All costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorney's fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action. The moneys collected pursuant to this section shall be used by the commissioner of environmental protection, to restore the affected wetlands or watercourses to their condition prior to the violation, wherever possible."

lation be corrected or removed and to assess civil penalties . . . ." Subsection (b) also provides for the awarding of all costs, fees and expenses in connection with such action, including reasonable attorney's fees.

" '[T]he construction and interpretation of a statute is a question of law for the courts . . . particularly where . . . the statute has not previously been subjected to judicial scrutiny or time-tested agency interpretations.' " *Jutkowitz* v. *Department of Health Services,* 220 Conn. 86, 106, 596 A.2d 374 (1991); *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 773–74, 535 A.2d 1297 (1988). In construing a statute, our objective is to ascertain and give effect to the apparent intent of the legislature. *Rose* v. *Freedom of Information Commission,* 221 Conn. 217, 225, 602 A.2d 1019 (1992); *Cummings* v. *Twin Mfg., Inc.,* 29 Conn. App. 249, 254, 614 A.2d 857 (1992). We approach this objective by first looking to the language of the statute. *United Illuminating Co.* v. *Groppo,* 220 Conn. 749, 756, 601 A.2d 1005 (1992); *Cummings* v. *Twin Mfg., Inc.,* supra. If the language of the statute is clear and unambiguous, we need not go any further. *Rose* v. *Freedom of Information Commission,* supra; *Cummings* v. *Twin Mfg., Inc.,* supra. "[N]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . ." (Citations omitted; internal quotation marks omitted.) *Peck* v. *Jacquemin,* 196 Conn. 53, 66, 491 A.2d 1043 (1985).

Subsection (a) specifically states that "[t]he issuance of an order pursuant to this section shall not delay or bar an action pursuant to subsection (b) of this section." It is clear from this language that the appropriate inland wetlands agency can issue an order under (a) and also pursue a civil penalty and a court order for noncompliance with an administrative order under subsection (b) either simultaneously or at a later date.

Subsection (b), however, does not include similar language. If the legislature had intended that administrative actions brought under subsection (a) are not barred or delayed by a prior action brought under subsection (b), it would have included the language found in subsection (a) in subsection (b). See *Red Hill Coalition, Inc.* v. *Conservation Commission,* 212 Conn. 710, 726, 563 A.2d 1339 (1989).

When a statute is silent as to whether it covers a particular situation, and there is another statute on the same subject that is not silent, a court cannot add the missing provision to the statute that does not address the situation. See *Glastonbury Co.* v. *Gillies,* 209 Conn. 175, 180–81, 550 A.2d 8 (1988); *State* v. *Kreminski,* 178 Conn. 145, 154, 422 A.2d 294 (1979). Although no prior appellate court has interpreted the subsections involved in this case, we are unaware of any Connecticut case in which the authorized agency or the DEP[5] brought a civil action pursuant to § 22a-44 (b) and subsequently sought an order pursuant to subsection (a). In the cases of *Conservation Commission* v. *Price,* 193 Conn. 414, 479 A.2d 187 (1984), *Ruotolo* v. *Inland Wetlands Agency,* 18 Conn. App. 440, 558 A.2d 1021, cert. denied, 212 Conn. 806, 563 A.2d 1356 (1989), and *Conservation Commission* v. *Price,* 5 Conn. App. 70, 496 A.2d 982 (1985), administrative orders were issued prior to court actions. See also *Inland Wetlands & Watercourses Agency* v. *Landmark Investment Group, Inc.,* 218 Conn. 703, 590 A.2d 968 (1991); *Miller* v. *Conservation Commission,* 27 Conn. App. 590, 607 A.2d 1159 (1992).

In the present case, the DEP originally brought a civil action against the plaintiff, Patricia McManus, requesting in its prayer for relief an injunction requiring the

[5] On July 1, 1988, jurisdiction over inland wetlands and watercourses was transferred from the DEP to the local municipalities. The DEP was allowed to retain jurisdiction over enforcement activities currently underway.

removal of the materials spread on the wetlands and watercourses area adjacent to the farm pond, assessment of a civil penalty of $1000 per day for each day the materials remained adjacent to the farm pond, and costs, fees, expenses and reasonable attorney's fees of the DEP. In the administrative order, the DEP similarly requested that the plaintiffs remove "all unauthorized fill placed in inland wetlands and/or watercourses [adjacent to the farm pond] . . . and to restore the inland wetlands and watercourse." Other than the request for monetary costs, which can be sought only through subsection (b), the prayer for relief in the complaint and the action directed in the administrative order are virtually identical.

The last paragraph of the administrative order that underlies this appeal would allow the DEP to pursue an injunction and penalties pursuant to subsection (b) if the plaintiffs do not comply with the order. The DEP should not be allowed initially to bring an action pursuant to subsection (b), and then to issue an order under subsection (a), and thereafter to withdraw the action brought under subsection (b), only to set the stage to pursue the same civil action again. The plaintiffs should not have to expend time and money to litigate the same issue originally brought by the DEP in 1987 and withdrawn three years later. The administrative order does not provide the DEP with a greater remedy than the DEP would have had under the civil remedy originally sought.

Even if it is assumed that the legislative silence of subsection (b) renders the subsection ambiguous, and therefore requires a review of the legislative history of subsection (b), and implicitly subsection (a); see *Glastonbury Co.* v. *Gillies,* supra, 182; see also *Rose* v. *Freedom of Information Commission,* supra, 227; *United Illuminating Co.* v. *Groppo,* supra, 755–56; that history does not support the defendant's position. A

review of the legislative history of this section of the act reveals that when the act was passed, subsection (b) was the only enforcement provision in it. The commissioner was required to bring a civil action in order to issue injunctions and orders and to assess penalties. Three years later, subsection (a) was added to allow the DEP to issue and enforce orders without having to resort to the courts. Thus, if the DEP did not want to assess a civil penalty, it could choose to issue an administrative order pursuant to subsection (a). If, however, the DEP wanted to assess a civil penalty, as well as to obtain an injunction, it would have to use the courts. The remedies available in subsection (b) include the same remedies available in subsection (a) plus the ability to assess a civil penalty and costs. Subsection (a) is, therefore, a quicker but more limited remedy than subsection (b). Accordingly, it is logical that subsection (b) could be used following or simultaneously with subsection (a), and it is for this reason that subsection (a) specifically allows a civil action to be brought after the issuance of an order.

When the legislature amended the act to include subsection (a), they could easily have amended subsection (b) to provide that an action pursuant to it would not delay or bar an order pursuant to subsection (a). They pointedly did not. We conclude, as a matter of law, that the DEP could not properly issue an administrative order under § 22a-44 (a), having three years earlier elected to bring a § 22a-44 (b) civil action against the plaintiffs.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiffs' appeal.

In this opinion the other judges concurred.