[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 16, 1992, the plaintiffs, property owners in Oxford, Connecticut, filed a three count third amended complaint against the defendants, Oxford Conservation Commission ("Commission"), members of the Commission, David Schreiber, Ken Prowse, Miriam Strong, Henry Bodyk and Ray MacCormick, SAS Associates, Marriott Corporation ("Marriott"), Oxford Equities and Paul Simko. This matter was originally filed as an administrative appeal. On October 19, 1990, the court (Fuller, J) granted the plaintiff's motion to amend the appeal, and the plaintiffs withdrew their claims as an administrative appeal and consolidated their remaining claims into the civil complaint. The case was heard before this court (Coppeto, J.) on January 20, 1994. Count three of the complaint was withdrawn as to SAS Associates, Marriott, Oxford Equities and Paul Simko.
The plaintiffs allege the following facts in their complaint. Several applications requesting permits to change, alter or create boundaries of inland wetland and watercourse areas were filed with the Commission on February 15, 1989, by defendant Paul Simko, on behalf of defendant Oxford Equities, and by Paul Newok, on behalf of defendant Marriott. Hearings regarding the applications were held between February 27, 1989 and May 22, 1989. The Commission approved the applications and granted permits allowing the applicants to:
1) create detention ponds;
2) direct the flow of water into already existing CT Page 3107 wetlands;
3) fill existing wetlands;
 4) direct the flow of water onto properties owned by the plaintiffs; and
5) create a driveway through existing wetlands.
Count one of the complaint is directed against the Commission and its members for failure to publish notice of the hearings at which applications for permits to change or create wetland boundaries were considered in violation of General Statutes 22a-42a(b). Count two is directed against the Commission and its members for failure to publish notice of the hearings at which amended applications for permits to change or create wetland boundaries were considered in violation of General Statutes 22a-42a(b). Count three was directed against SAS Associates, Marriott, Oxford Equities and Paul Simko for failure to publish notice of the public hearings at which their applications were considered and for damages suffered as a result of inland wetland boundary changes. This count was withdrawn by the plaintiffs on January 14, 1994.
The plaintiffs seek the following:
1) declaratory judgment;
 2) temporary and permanent injunctions to enjoin the Commission from acting on any petitions or alter the boundaries of inland wetlands and watercourse areas until such time as it has adopted regulations and procedures in conformity with requirements of General Statutes 22a-36 et seq.;
 3) civil penalties against the defendants for each violation of General Statutes 22a-36 et seq.;
 4) costs, fees and expenses pursuant to General Statutes 22a-44(b); and
5) attorney's fees pursuant to General Statutes 22a-44(b).
With regard to the manner in which the boundaries of inland wetland and watercourse areas shall be established, amended or changed, General Statutes 22a-42a(b) provides:. CT Page 3108
 Such regulations and inland wetlands and watercourse boundaries may be from time to time, amended, changed or repealed, by majority vote of the inland wetlands agency, after a public hearing, in relation thereto, is held by the inland wetlands agency, at which parties in interest and citizens shall have an opportunity to be heard and for which notice shall be published in the manner specified in this subsection.
General Statutes 22a-44 (b) provides:
 Any person who commits, takes part in, or assists in any violation of any provision of sections 22a-36 to 22a-45, inclusive, . . . shall be fined not more than one thousand dollars for each offense. . . . The superior court, in an action brought by the commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of said sections, to issue orders directing that the violation be corrected or removed and to impose fines pursuant to this section. All costs, fees and expenses in connection with such action shall be assessed as damages against the violator together with reasonable attorney's fees which may be allowed, all of which shall be awarded to the commissioner, municipality, district or person which brought such action.
Conservation Commission v. Price, 5 Conn. App. 70, 72 n. 3,496 A.2d 982 (1985).
"Where a party brings an action for injunctive relief pursuant to a statute, that party need only meet the conditions imposed by the statutes". Clinton Inland Wetland Commission v. Gerl,7 CSCR 756 (June 5, 1992, Austin, J.). "`The rationale underlying [the] rule that the complainant is relieved of his burden of proving irreparable harm and no adequate remedy at law is that the enactment of the statute by implication assumes that no adequate alternative remedy exists and that the injury is irreparable, that is, the legislation was needed or else it would not have been enacted.'" Conservation Commission v. Price, 193 Conn. 414, 429,479 A.2d 187 (1984), quoting Crabtree v. Van Hise, 39 Conn. Sup. 334,338, 464 A.2d 865 (1983).
It is the court's duty to carry out the intention of the CT Page 3109 legislature as expressed in the statute it has enacted and to make the remedy it has provided an effective and efficient mens of dealing with violations of the act and regulations properly promulgated under its authority. . . . This does not mean that a court is mechanically obligated to grant an injunction for every violation of law. . . . A judge retains a reasonable discretion to decide whether injunctive relief is appropriate even though it is authorized by statute.
(Citations omitted.) Burns v. Barrett, 212 Conn. 176, 194,561 A.2d 1378, cert. denied, 493 U.S. 1003, 110 S.Ct. 563,107 L.Ed.2d 558 (1989).
General Statutes 22a-44(b) mandates an award of attorney's fees. Crowther v. Gerber Garment Technology, Inc., 8 Conn. App. 254,272 (1986). The assessment of the attorney's fees, however, is discretionary with the court. Conservation Commission of Town of Simsbury v. Price, 5 Conn. App. 70, 74, 496 A.2d 982 (1985). "Statutes provides for an award of attorney's fees customarily state no other limitation than reasonableness . . . nor would any other limitation appear to be practicable." Hartford Electric Light Co. v. Tucker, 183 Conn. 85, 91, 438 A.2d 828 (1981). "[T]he reasonableness of attorney's fees and costs must be proven by an appropriate evidentiary showing." Id.
The evidence adduced at trial supports a finding that notice of the hearings at which the applications to alter or create inland wetland boundaries were considered was not duly published in accordance with the requirements contained in General Statutes22a-42a(b). In fact, the Commission conceded that notice of the hearings had not been published.
The following orders are entered:
1) A permanent restraining order shall enter prohibiting the defendant Oxford Conservation Commission and the defendant members thereof from acting on any petitions/applications to create, change or alter the boundaries of inland wetlands and watercourse areas unless they are in conformity with the regulations, procedures and requirements as set forth in 22a-36 to 22a-45 of the General Statutes.
2) The plaintiffs are awarded attorney's fees in the amount of $7,500.00. CT Page 3110
Coppeto, J.