[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, the Town of Monroe (town), Edward Kwiatkoski, the Zoning Enforcement Officer (zeo) for the Town of Monroe, and the Planning and Zoning Commission of the Town of Monroe (commission), brought this action to permanently enjoin the defendants, Ronald Renz, Renz Hauling Corporation and Renz Construction Corporation (collectively, Renz), from conducting blasting activities and operating rock crushing equipment in conjunction with the operation of their nonconforming sand and gravel excavation business. After a trial, the court permanently enjoined the defendants from using a rock crusher and from blasting rock to supply the rock crusher, except as expressly authorized in writing by the zoning enforcement officer to remedy unstable or unsafe slopes or rock cliffs. The court imposed a civil penalty in the amount of $2,500.00 on the defendants and awarded the plaintiffs attorneys fees in the amount of $25,000.00 pursuant to General Statutes § 8-12. Both the plaintiffs and the defendants have requested the court to reconsider various aspects of its decision. The court has done so. "It cannot be gainsaid that error, however belatedly recognized, ought not to be perpetuated." Ladd v. Douglas Trucking Co., 203 Conn. 187,196, 523 A.2d 1301 (1987).
 I
In finding that the defendants' activities were in violation of the zoning regulations the court held that the defendants were precluded from claiming otherwise based on the doctrines of res judicata and collateral estoppel. In three earlier zoning appeals brought by one or more of the defendants, the Superior Court had rendered judgments in whole or in part adverse to the defendants. Citing Commissioner of Motor Vehicles v. Demilo Co., 233 Conn. 254,268 (1995), the defendants claim that the erred in giving those judgments preclusive effect because they did not have a right to appellate review of those decisions. Rather, appellate review was available only by certification by the Appellate Court. See General Statutes § 8-8(o).
In Commissioner of Motor Vehicles v. Demilo Co., supra,233 Conn. 268, the Supreme Court adopted Restatement (Second) Judgments § 28(1) which provides: "Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not CT Page 11099 precluded in the following circumstances: (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action. . . ."
It is so, as the defendants observe, that "[t]he Appellate Court's denial of a petition for certification means that a predicate for an appeal to the Appellate Court has not been met."Greico v. Zoning Commission, 226 Conn. 230, 233, 627 A.2d 432
(1993). In Grieco the court rejected the "assertion that a denial of a petition for certification is the functional equivalent of an affirmance of the underlying judgment. The exercise of discretionary jurisdiction, by way of certification, is premised on the understanding that a denial of discretionary review leaves the underlying judgment in place without an endorsement of its merits. [A] denial of certification does not necessarily indicate our approval either of the result reached by the Appellate Division or of the opinion rendered by it." (Internal quotation marks; citations omitted; emphasis added.) Id., 233 n. 5.
Nonetheless, that there is no unqualified right to appeal a decision of the Superior Court in a zoning appeal, that review is available only "by certification for review, on the vote of two judges of the appellate court so to certify"; General Statutes § 8-8(o); does not vitiate the preclusive effect of such a decision. Comment a to Restatement (Second) Judgments § 28 provides in relevant part: "The exception in Subsection (1) applies only when review is precluded as a matter of law. It does not apply in cases where review is available but is not sought. Nor does it apply when the is discretion in the reviewing court to grant or deny review and review is denied; such denials by a first tier appellate court are generally tantamount to a conclusion that the questions raised are without merit." (Emphasis added.) The latter observation is not incompatible with the effect of a denial of certification in Connecticut. While a denial of certification does not necessarily indicate the Appellate Court has endorsed the decision below or the reasoning of the court below, this court will not indulge in the cynical assumption that the Appellate Court generally denies petitions for certification from flawed judgments. Comment a to Restatement (Second), Judgments, § 28 is apposite: "such denials . . . are generally tantamount to a conclusion that the questions raised [in the petition for certification] are without merit."
II
CT Page 11100
General Statutes § 8-12 provides in part that "[i]f the court renders judgment for such municipality and finds that the violation was wilful, the court shall allow such municipality its costs, together with reasonable attorney's fees . . . ." (Emphasis added.) Based on this provision, this court awarded the plaintiff town attorneys fees in the amount of $25,000 from 1990 to the date of the court's judgment. In making that award the court found that the defendants' violation of the zoning regulations was wilful.
In their motion to open and reconsider the judgment, the defendants aptly observe that at the inception of this action, the parties entered into an "order for temporary injunction by stipulation" which was granted by the court (Thompson, J.). By the terms of that stipulation, the town agreed not to pursue a request for a temporary injunction against the defendants to prohibit the use of the rock crusher and blasting alleged in the complaint, except under the other terms of the stipulation. The defendants were temporarily enjoined from conducting the rock crusher machine and from conducting blasting during specified times. The plaintiffs were temporarily enjoined from enforcement of the cease and desist order until a final judgment was rendered in the defendants' appeal to the superior court from the decision of the zoning board of appeals upholding the issuance of that cease and desist order, Renz v. Zoning Board of Appeals, Superior Court, JD of Fairfield, No. 273425. The appeal to the superior court in that case was dismissed by the court (Stodolink, J.)
[6 Conn. L. Rptr. 42]. On April 28, 1992, upon reconsideration and reargument, the court reaffirmed its earlier decision. [6 Conn. L. Rptr. 385.] On June 4, 1992, the Appellate Court denied Renz' petition for certification. The terms of the stipulation, however, remained in effect.
General Statutes § 8-12 authorizes a court to award attorneys fees in connection with a action to enforce a cease and desist order against a violation of the zoning regulations if the court "finds that the violation was wilful. . . ." "A person acts `wilfully' when he performs an act in a manner that is `intentional, wrongful and without just cause or excuse.' Rogersv. Doody, 119 Conn. 532, 534, 178 A. 51 (1935); Mingachos v. CBS,Inc., 196 Conn. 91, 102, 491 A.2d 368 (1985); Soucy v. Wysocki,139 Conn. 622, 628, 96 A.2d 225 (1953)." State v. Proto,203 Conn. 682, 703, 526 A.2d 1297 (1987). The order of temporary injunction by stipulation never was modified by the court. Although it may be theoretically possible to hold that the CT Page 11101 defendants' activities prior to the entry of the temporary injunction constituted a wilful violation of the zoning regulations, in light of that temporary injunction which allowed the defendants to continue their operations until the court rendered a final judgment, the court cannot reasonably find that the defendants' violation of the zoning regulations was wilful. Cf. Planning Zoning Commission v. Desrosier, 15 Conn. App. 550,560, 545 A.2d 597 (1988). Therefore, the award of attorneys' fees must be vacated.
 III
The defendants move for a stay of the court's order permanently enjoining them from using a rock crusher. Such a permanent and prohibitive injunction is not automatically stayed by the filing of an appeal. Tomasso Bros., Inc. v. OctoberTwenty-Four, Inc., 230 Conn. 641, 657-58, 646 A.2d 133 (1994). The plaintiffs object to the defendants' motion for stay. The court finds the plaintiffs' legal arguments, as articulated in their written objection, which do not seek to import matters outside of the record, to be persuasive. A violation of the zoning regulations has been proven and that violation warrants injunctive relief. It would not be consonant with principles of law, nor with notions of equity, to stay injunctive relief so that the defendants may again violate the zoning regulations in order to generate capital to carry out their plans to restore the grounds which they disturbed. The motion for stay is denied.
 IV
The plaintiffs, too, have moved to reargue the decision of the court.
The plaintiffs first contend that this court's memorandum of decision should be amended to incorporate the finding of the court (Stodolink, J.) in Renz v. Zoning Board of Appeals,
Superior Court, judicial district of Fairfield, No. 273425, that blasting constitutes an expansion of the nonconforming use. Such a finding here is unnecessary.
 V
The plaintiffs seek a mandatory injunction ordering the defendants to remove the rock crusher from their property. This raises an issue as to where the defendants will relocate that CT Page 11102 piece of equipment. While the defendants have been not been reluctant to relitigate issues previously settled, they have not previously violated an order of this court, nor may the court presume that they will do so. "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case; DeCecco v. Beach, 174 Conn. 29, 35,381 A.2d 543; Moore v. Serafin, 163 Conn. 1, 11, 301 A.2d 238;Nicholson v. Connecticut Half-Way House, Inc., 153 Conn. 507,511, 218 A.2d 383; and likewise the power of equity to grant such relief may be exercised only under demanding circumstances.Brainard v. West Hartford, 140 Conn. 631, 634, 103 A.2d 135. The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted." Karls v. Alexandria Realty Corp., 179 Conn. 390, 402,426 A.2d 784 (1980).
 VI
The plaintiffs next urge the court to address whether it will assume continuing jurisdiction should the defendants fail to comply with its orders. Such a declaration is unnecessary. "Because a permanent injunction necessarily requires continuing jurisdiction . . .[;] Conservation Commission v. Price, 5 Conn. App. 70,72-73, 496 A.2d 982 (1985)[;] the trial court d[oes] not lack jurisdiction to enforce its prior judgment. . . ." Hall v.Dichello Distributors, Inc., 14 Conn. App. 184, 193, 540 A.2d 704
(1988); see Simsbury Conservation Co. v. Price, 5 Conn. App. 70,73, 496 A.2d 982 (1985) ("In the present case, the court retained continuing jurisdiction through its original grant of a permanent injunction to the town.").
Bruce L. LevinJudge of the Superior Court