[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 11, 1996
The sole issue presented to the court is whether or not attorneys fees incurred during an appeal in a foreclosure action by the plaintiff are recoverable.
The court has been unable to find any appellate case in Connecticut which directly addresses this issue.
A review of the cases in other jurisdictions shows a split of authority. Some of those jurisdictions that permit fees on appeal base this determination on the firm belief that such an award is necessary to prevent reduction of the actual recovery on the note, contrary to the purpose of the contractual provision for attorneys fees. Vaughn v. Vaughn, 91 Idaho 544, 428 P.2d 50
(1967]. See also Industrial Investment Corporation v. C.M Rocca,
Idaho App. 643 P.2d 1090 (1982). A similar result was reached inHahn v. Hahn, 266 P.2d 519 (1954).
In Conservation Commission of the Town of Simsbury v. Price,5 Conn. App. 70 (1985), Judge Hull awarded appellate attorneys fees in an administrative appeal matter pursuant to Connecticut General Statutes § 22a-44(b), stating that assessment of appellate attorneys fees is discretionary with the court.
See also City Savings Bank of Bridgeport v. Miko, 1 Conn. App. 30
(1983), which dealt with the imposition of attorneys fees for CT Page 5204-GGG a deficiency judgment proceeding. In that case, the underlying instrument provided for the payment of reasonable attorneys fees "incurred in the collection of any sum due hereunder."
The court in rejecting the defendants' argument that Connecticut General Statutes § 49-14 limits the recovery in a deficiency judgment proceeding stated at pages 36 and 37:
 This issue is one of first impression in this state. General Statutes § 49-14 makes no provision for attorneys fees in securing a deficiency judgment. The note, however, provides for the payment of reasonable attorneys fees "incurred in the collection of any sum due hereunder." Furthermore, General Statutes § 49-7 validates any agreement as to attorneys fees in "any proceeding for the collection of the debt, or in any foreclosure of the mortgage . . ." It is clear that attorneys fees for such a proceeding are merely a continuation of the collection process whether it be deemed a proceeding for the collection of the debt or part of the foreclosure of the mortgage or both, as is the case here. Cf. Mechanics Savings Bank v. Tucker, 178 Conn. 640, 647-48, 425 A.2d 124 (1979).
Similar reasoning must be applied to this case, i.e.. the collection of attorneys fees in an appellate proceeding is merely a continuation of the collection process.
Appellate attorneys fees are awarded to the plaintiff in the amount of $4500.
MIHALAKOS, J.