[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUPPLEMENTALATTORNEY'S FEES
CT Page 8034
STATEMENT OF CASE
In what counsel have agreed is a case of first impression, the defendant herein has moved for supplemental attorney's fees after this court's decision confirming an arbitration award and denying the application to vacate was affirmed by our Supreme Court in 238 Conn. 293 (1996.
FACTS
In the arbitration proceeding, the defendant was awarded legal fees in addition to the basic award and interest. This court affirmed the award in all respects. Upon appeal, the Supreme Court affirmed this court and in addressing the award of legal fees stated:
 "In light of the defendant's claim for relief in its demand for arbitration and the factual allegations regarding the plaintiff's conduct, we conclude that the arbitration panel's award of attorney's fees could have been made pursuant to the defendant's CUTPA claim. Thus, the resulting award was within the scope of the submission. It is unnecessary, therefore, for us to determine whether the arbitration panel manifestly disregarded the statutory requirements of § 49-41a(b), with regard to attorney's fees."
Id., at p. 311.
The plaintiff argues that since "no one knows to this day upon which of those statutes (if either) the arbitrators relied to make the original award of attorney's fees, this court cannot know which statute to follow and which criteria to use to supplement those fees."
The plaintiff also claims the court lacks authority to award additional fees in the proceedings subsequent to the award confirmation.
The defendant claims it is entitled to additional fees under either CUTPA or § 49-41a(b), and certainly in its efforts "to affirm and to defend the award on appeal." CT Page 8035
 I.
The parties to this dispute agreed originally to submit all issues to arbitration. It would appear that this would include the motion before the court. However, neither party has requested referral and the court will address the motion rather than refer it back to the arbitration panel.
The failure of the parties to request a referral and their submission of the matter to the court is deemed to be a waiver of any right to arbitrate this particular issue.
 II.
The defendants cite Miller v. Kirshner, 225 Conn. 185 (1993), which construes the word "suit" in a statute dealing with family matters to encompass fees for both trial and appeal. (At page 210.) The court goes on to list other similar interpretations. Thus, reasonable attorney's fees allowed in a "civil action" included attorney's fees incurred at the appellate level.Crowther v. Guber Garment Technology, Inc., 8 Conn. App. 254,271-2 (1986). And, in Conservation Commission v. Price, 5 Conn. App. 70,74 (1985), use of the term "action" in § 22a-44 of the General Statutes was construed to allow attorney's fees incurred at both trial and appeal.
The cases relied on by the plaintiff are easily distinguished and do not necessarily stand for the proposition advanced. For example, in Gennarini Construction Co. v. Messina Painting Decorating Co., 15 Conn. App. 504 (1988), legal fees were denied but on the principle of res adjudicata, not on the merits.
In O'Leary v. Industrial Park Corporation, 211 Conn. 648
(1989), there was no contractual or statutory authorization for an award of counsel fees. CUTPA was not involved in the decision.
The plaintiff's reliance on Waterbury v. Waterbury PoliceUnion, 176 Conn. 401 (1979) is misplaced. The statute involved in that case, § 31-72, contains much more restrictive language than those we are dealing with here. It limits the award of attorney's fees to a "civil action brought to enforce an arbitration award." (Emphasis added.)
The court finds nothing in these cases to support the CT Page 8036 plaintiff's position, while the defendant's citations support the proposition that this proceeding is an "action."
CUTPA speaks of attorney's fees in "any action" and §49-41a(b) refers to them in "any arbitration or litigation."
 III.
The plaintiff argues that the court should construe the CUTPA language on attorney's fees narrowly, on the theory that CUTPA is a punitive statute. The court finds the defendant's brief persuasive that this is not the case and that CUTPA is remedial. As such, it must be liberally construed. Hinchliffe v. AmericanMotors Corporation, 184 Conn. 607 (1981). These excerpts from that case would appear to settle the issue:
 "Such a construction impairs the efficacy of the equitable remedies provided by CUTPA, and prevents the statute from achieving the remedial effect which the legislature desired. Comparing the common-law remedies for deceived consumers with the CUTPA remedy demonstrates the legal progress which the legislature sought when it enacted the statute."
Id., at 616, emphasis added.
What the legislature sought is enunciated in note 5, at page 615:
 "The crucial nature of the role envisioned for the private consumer remedy was underscored during debate on chapter 735a and the amendments thereto. Senator Stephen C. Casey, for example, remarked: `The bill in general would promote greater cooperation between public and private efforts to enforce the uniform trade practices act. The Attorney General's office is hampered in this enforcement effort by limited staff. Private litigation under this act is essential and the proposal would ease the burden on private individuals and thus encourage private litigation.' 22 S Proc., Pt. 8, 1979 Sess., p. 2575. See also 19 H.R. Proc., Pt. 6, 1976 Sess., p. 2191; 16 H.R. Proc., Pt. 14, 1973 Sess., p. 7323."
And, again at page 616: CT Page 8037
 "Against this background, the legislature enacted CUTPA, announcing that "[i]t is the intention of the legislature that this chapter be remedial and be so construed." General Statutes § 42-110b(d)."
 IV.
Turning to § 49-41a(b), it contains no limiting language and authorizes attorney's fees for "any arbitration or litigation." It was obviously enacted to encourage the arbitration process and to address situations such as this. The plaintiff has offered no authority to the effect that it is not applicable to this proceeding.
 V.
Finally, if the court were to deny the defendant's motion after it achieved a successful result in arbitration, on the confirmation motion, and in the Supreme Court, it would be rewarding this plaintiff at the expense of the successful defendant. This result would depreciate the value of the award while ignoring the statutory and case law history which leans heavily in favor of the defendant.
CONCLUSION
The court concludes that the defendant's motion for supplemental attorney's fees should be granted.
If the parties cannot agree on the reasonableness of the fees covered by the defendant's affidavit, a hearing will be scheduled.
Anthony V. DeMayo, Judge Trial Referee